Lockwood *v.* Rose *et al.*

Filed Nov. 12, 1890.

---

No. 14,447.

## LOCKWOOD *v.* ROSE ET AL.

**PRINCIPAL AND AGENT.**—*Real Estate Commission.*—*Action for Recovery of.* —*Complaint.*— *Written Contract with Purchaser Need Not be Alleged.*— *When Plaintiff Entitled to Recover.*—In an action for the recovery of a commission for the sale of land, based upon a contract with the defendants, the owners of the land, by the terms of which the latter agreed to give the plaintiffs a reasonable compensation if they procured a sale of, or a purchaser for, said land, it is not necessary to allege in the complaint that a written contract for the sale of the land was made by the plaintiffs with the party who agreed to purchase the same. The plaintiffs were entitled to recover when they had secured a purchaser who was able and willing to pay for the land according to the terms required by the owner. The allegation in the complaint that the plaintiffs sold the land necessarily included the allegation that they found a purchaser for the same.

**SAME.**—*Declarations of Agent.*—*Admissibility of—Res Gestæ.*—In an action for the recovery of a real estate commission, declarations made by the plaintiffs, while on the land engaged in an effort to sell it, are ad-

Lockwood *v.* Rose *et al.*

missible in evidence as *res gestœ*, being part of the act of the agents in their effort to transact the business of their principal.

SAME.—*Answers to Interrogatories.*—*General Verdict.*—*When Not Conflicting.*— When in an action for the recovery of a commission for the sale of real estate, the jury found, in their answers to interrogatories, that the plaintiffs had spent about two weeks in rendering the service described in the complaint, which services they found to be worth a certain sum per day, but returned a verdict in their favor for a much larger sum, there was not an irreconcilable conflict between the general verdict and the answers to interrogatories. The plaintiffs, under the issues, might have proven that the commission due them was greater than the value of their *per diem* services.

VERDICT.—*Answers to Interrogatories.* — *When They Override General Verdict.*—On motion for judgment on the answers to interrogatories, notwithstanding the general verdict, every reasonable presumption will be indulged in favor of the general verdict, and if, by any reasonable hypothesis, the answers can be reconciled with the general verdict, the latter must stand. They override the general verdict only when both can not stand together, the antagonism being such, upon the face of the record, as is beyond possibility of being removed by any evidence legitimately admissible under the issue in the cause.

EVIDENCE.—*Letter Written to Party.*—*Refusal to Produce Without Order.*—*Refusal May be Proved.*—It was proper for the court to permit the plaintiffs to show that the defendant refused to produce, to be read in evidence, a certain letter addressed to him by one of the plaintiffs, which letter was important evidence in the cause, until he was compelled to do so by order of the court. The fact that the code provides a means for compelling an unwilling party to furnish evidence under his control does not affect the question of the inferences to be drawn from an attempt, or refusal, on his part to furnish the facilities at his command for a full and fair investigation of the facts in the case.

SAME.—*Competency of.*— *Absence of Objection in Trial Court.*—*Effect of on Appeal.*—*Rebuttal.*—Where no objection is pointed out to the competency of testimony in the trial court no question as to its admissibility is presented for the consideration of the Supreme Court. It is not error to refuse to permit a party to answer a question in rebuttal when the evidence thus sought to be rebutted has been covered by other answers of the witness.

NEW TRIAL.—*Newly Discovered Evidence.*—*Surprise.*—*Diligence.*—A party who seeks a new trial on account of surprise and newly discovered evidence, must show that he used proper diligence to avoid surprise, and to discover the evidence before the trial.

From the DeKalb Circuit Court.

W. L. Penfield, for appellant.

C. A. O. McClellan, E. D. Hartman, E. E. Rose and J. H. Rose, for appellees.

COFFEY, J.—This was an action by the appellees against the appellant to recover compensation alleged to be due them for services rendered by the appellees, as real estate brokers, for the appellant in the sale of certain described land. The complaint consists of two paragraphs. The first paragraph alleges, substantially, that on the 15th day of August, 1886, the appellant employed the appellees to procure for him a sale, or a purchaser, for certain described lands in De Kalb county, Indiana ; that appellees accepted said employment and expended much time and money in their efforts to procure a purchaser for said land, and did, on or about the 30th day of July, 1887, effect a sale of the same to J. J. Marsh for the price of thirty-six dollars per acre, and upon the terms as to payment agreed upon by the appellant, that being the price at which the appellant had authorized them to sell the same ; that appellant agreed to pay the appellees a reasonable compensation for their services in effecting such sale, and although requested so to do he has refused to pay the same ; that a reasonable compensation for said services is six hundred dollars.

The second paragraph alleges, substantially, that the appellant is indebted to the appellees in the sum of six hundred dollars for services rendered him by the appellees, as real estate agents, at his request, in procuring a purchaser and effecting a sale for him of certain described land in De Kalb county, Indiana; that said services were reasonably worth six hundred dollars, which sum is due and unpaid.

The court overruled a demurrer to each paragraph of the complaint, whereupon the appellant filed an answer consisting of the general denial.

A trial of the cause by jury resulted in a general verdict for the appellees for the sum of $297.70. With their gen-

eral verdict the jury returned answers to special interrogatories.   The court, over a motion for a new trial, and over a motion by the appellant for judgment in his favor on the answers of the jury to the special interrogatories, notwithstanding the general verdict, rendered judgment for the appellees.

It is insisted by the appellant that each paragraph of the complaint proceeds upon the theory that the appellees had effected a sale of the land therein described, and as it is not alleged that the contract for the sale of such land was in writing, the complaint is, for that reason, bad.   Assuming, without deciding, that the appellant is correct in his contention that each paragraph of the complaint proceeds upon the theory that the appellees are entitled to recover a commission for a sale of the land, effected by them, still we think each paragraph of the complaint is sufficient.

The case of *Barnard* v. *Monnot,* 33 How. Pr. Rep. 440, is much in point here.   In that case Barnard brought suit against Monnot to recover his commission as a real estate broker, amounting to $2,500, in effecting the sale of real estate in the city of New York.   On the trial the plaintiff was non-suited upon the ground that he could not maintain an action for his compensation until the agreement for the sale of the property had been reduced to writing and signed by the parties.   Upon reversing the judgment of the court below, HUNT, J., speaking for the appellate court, said: " I think the decision was erroneous.   The duty of the broker consisted in bringing the minds of the vendor and vendee to an agreement.   He could do no more. * * The plaintiff produced a purchaser, willing and ready to accept the terms of the defendant, and able to perform the obligation on his part.   He had then earned his commissions, and it would be a singular conclusion of the law that the refusal of his employer to complete the bargain, should destroy his right to them."

The case of *Mooney* v. *Elder,* 56 N. Y. 238, is also a case

strongly in point. That was a suit by Mooney, a real estate broker, against Elder to recover commissions alleged to be due under a contract with the defendant for procuring a purchaser for certain premises owned by the defendant situate in the city of Buffalo. It was contended by the defendant that the contract of sale being by parol was void, and that the plaintiff could not, for that reason, recover his commission; but the court said: " The plaintiff was entitled to his commission upon the production of a purchaser ready and willing to purchase the property, although through the default of the defendant a sale was never effected." See, also, *O'Connor* v. *Semple*, 57 Wis. 243; *Potvin* v. *Curran*, 13 Neb. 302.

The appellant here relies upon the case of *Love* v. *Miller*, 53 Ind. 294, and the case of *Fischer* v. *Bell*, 91 Ind. 243, but these cases are not in point. In the first case a valid contract, in writing, was procured by the brokers, and it was held by this court that the principal could not avoid the payment of the commission by a refusal to enforce the contract.

In the second case the broker found a purchaser who was ready and willing to take the property at the price and upon the terms prescribed by the principal; but the principal refused to consummate the purchase. It was argued by the principal that the broker could not recover his commission because there was no binding written contract executed between the parties; but this court, in answer to that argument, said: " It makes no difference whether or not any written contract had been signed by Drew. The defendant's liability was established by the plaintiff's procuring a purchaser who was in a condition, ready and willing to pay for the property according to the terms authorized by the vendor, without the execution of any certificate."

But, after all, the question now before us is simply one involving the construction of the contract alleged in the complaint. It is alleged that the appellant employed the

appellees to sell, or find a purchaser for, the land described in the complaint, and that they did sell the same to one Marsh. The objection that the appellees could not recover for simply finding a purchaser, because the complaint does not allege that they found one, is not tenable ; for it is evident that they could not have sold until a purchaser was found. The greater always includes the less, and the allegation that the appellees sold, necessarily includes the allegation that they found a purchaser for the appellant's land.

In our opinion the court did not err in overruling the demurrer to the complaint.

Nor do we think the court erred in overruling the appellant's motion for judgment in his favor on the answers to interrogatories, notwithstanding the general verdict.

It appears from these answers that the appellant employed the appellees in the fall of 1886, to find a purchaser for, and to sell the land described in the complaint, authorizing them to sell it for thirty-six dollars per acre, one-half cash, and the residue to be secured by mortgage back on the land. In the month of July, 1887, the appellees received a bid for said land from J. J. Marsh, who was ready, able, and willing to take the land at the price, and upon the terms indicated by the appellant. Appellees at once notified the appellant of the bid they had received for said land, but the appellant refused to accept said bid, and consummate the sale.

In addition to these facts the jury found that the appellees spent about two weeks' time in rendering the service described in the complaint, which services were worth three dollars per day, making about thirty-six dollars.

It is upon this last finding that the appellant bases his motion for judgment in his favor, notwithstanding the general verdict.

On motion for judgment on the answers to interrogatories, notwithstanding the general verdict, every reasonable presumption will be indulged in favor of the general verdict,

and if, by any reasonable hypothesis, the answers can be reconciled with the general verdict, the latter must stand. They override the general verdict only when both can not stand together, the antagonism being such, upon the face of the record, as is beyond possibility of being removed by any evidence legitimately admissible under the issues in the cause. *Indianapolis, etc., R. R. Co.* v. *Lewis,* 119 Ind. 218; *Kirkpatrick* v. *Reeves,* 121 Ind. 280.

Under the issues in this cause the appellees might have proven that the commission due them, on the sale of appellant's land, was greater than the value of their *per diem* services rendered. There is no irreconcilable conflict between the general verdict and the answers to interrogatories.

In his motion for a new trial the appellant assigned thirty-six reasons therefor, but in this opinion we shall notice those only which have been urged by counsel in his able brief in this cause.

During the progress of the trial the appellees were permitted to prove that while the facts in this case were under investigation the appellant refused to produce, to be read in evidence, a certain letter addressed to him by one of the appellees, which letter was important evidence in the cause, until he was compelled to do so by order of the court. The objection to this evidence, stated to the court, was that no inference can be drawn against a party for not voluntarily producing papers where the code provides a means for securing their production, and that parties may stand upon their legal rights without any imputation of bad faith on that account.

It is often important to know whether a party to a suit is or is not willing that all the facts shall be known to the court or jury, or whether he has or has not suppressed or attempted to suppress important evidence in the cause. The fact that the code provides a means for compelling an unwilling party to furnish evidence under his control does not, in our opinion, affect the question of the inferences to be

drawn from an attempt or refusal on his part to furnish the facilities at his command, for a fair and full investigation of the facts in the case. We do not think the court erred in admitting this evidence.

The court, also, permitted the appellees to prove certain declarations made by them while on the land, engaged in an effort to sell it, in relation to selling it in parcels.

It is true that an agent may not prove his authority by declarations made by himself, in the absence of his principal. but the declarations here made were part of the act of the agent in his effort to transact the business of his principal, and were *res gestæ.* It further appears that the witness testifying to these declarations was taken by the appellees to be shown the land, and the declarations were made while in the discharge of such duty, and while actually examining the land. In the admission of these declarations there was no error.

The court overruled the motion of the appellant to strike out parts of the deposition of J. J. Marsh, and also his motion to strike out parts of the examination of the appellant taken before the trial.

We have carefully examined the questions presented by these rulings, and find no available error therein.

On the trial of the cause the appellee James H. Rose testified that the appellant authorized him, in September, 1886, to sell the land in question. On rebuttal, the appellant was asked this question: "As a matter of fact did you expect it (the land in controversy) in September, 1886 ?" The court refused him permission to answer the question.

It was shown that the appellant did not acquire title to the land until the month of October, 1886, and he was permitted to testify that he did not authorize the appellee, in the month of September, to sell the same. This was all the appellant could reasonably ask. We do not see how the appellant could have made his denial any stronger by answering the question propounded. The court must have some

discretion in controlling the extent of an examination, and in this matter there was no abuse of discretion.

Certain entries made by the appellees in their books, relating to the land in controversy, were read in evidence, but as no objection to this evidence was pointed out in the court below, no question as to its admissibility is presented for our consideration. *Blizzard* v. *Hays*, 46 Ind. 166; *Peachee* v. *State*, 63 Ind. 399.

The evidence in the cause is conflicting, but that introduced by the appellees tends to support the verdict of the jury. We can not, under the well known rules of this court, disturb the verdict on the evidence.

Some other questions are also presented relating to the introduction of evidence by the appellees, over the objection of the appellant, tending to prove the authority conferred by the appellant upon the appellees to sell the land, about which this controversy arose. We have carefully examined these questions and do not think there was any error in admitting this evidence.

Finally it is claimed by the appellant that the circuit court erred in overruling his motion for a new trial, on account of surprise at the trial and newly discovered evidence. During vacation the appellant took the examination of the appellee James H. Rose, and filed the same with the clerk of the De Kalb Circuit Court. The appellant now claims that he was surprised by the testimony of this appellee, on the trial, because it was different from his testimony given at the examination.

The facts in the case are somewhat confused and it is difficult, for that reason, to determine whether there is any real conflict between the testimony of the appellee as taken in vacation, and his testimony on the trial of the cause. Assuming, however, that the conflict exists as contended by the appellant, we do not think the court erred in refusing to grant a new trial for that reason. The conflict sup-

posed to exist relates to the terms upon which the appellees sold the land to J. J. Marsh.

The appellant took the deposition of Marsh, and the same was read in evidence on the trial of this cause. The complaint alleges that the appellees sold the land to Marsh. The appellant, therefore, had notice that the appellees, on the trial of the cause, would rely upon such sale for their right to recover. He had full opportunity, and it was his duty to fully examine Marsh as to all that was said between him and the appellees in relation to the sale, and to prove by him, if he desired it, the exact terms thereof; and if he failed to do so he can not be heard to say, now, that Marsh will, if a new trial is granted, contradict the appellee as to the terms of such sale. A party who seeks a new trial on account of surprise and newly discovered evidence, must show that he used proper diligence to avoid surprise, and to discover the evidence before the trial. *Reno* v. *Robertson*, 48 Ind. 106; *State, ex rel.*, v. *Bottorff*, 82 Ind. 538; *Helm* v. *First National Bank of Huntington*, 91 Ind. 44.

After having gone carefully over all the supposed errors of which complaint is made, we find no error for which the judgment should be reversed.

Judgment affirmed.

Filed Nov. 12, 1890.