No. 268.

## HOFFMAN ET AL. *v.* TOLL.

VERDICT.—*Presumption as to.—Interrogatories.*—Every presumption must be indulged in favor of a general verdict, and if it can be reconciled with the answers to interrogatories under any proof allowable under the issues the judgment must stand.

PARTNERSHIP.—*How Far Parties May Bind Firm.*—In particular partnerships, as well as in general, each member is the agent of the firm and may bind it by his contracts in everything necessary to carry on its business, and in everything within the apparent scope thereof.

SAME.—*Employment by One Partner.— When Partnership Bound.*—A. and B., partners, undertook to construct a public school building according to the plans of the architect, and employed the plaintiff to do the plastering. Before the building was completed B., assuming to act for the firm, engaged the plaintiff to do some additional plastering made necessary by putting the apparatus for heating and ventilating in the building.

*Held,* that the last contract was fairly within the apparent scope of the partnership business, and the work having been performed by the plaintiff in the belief that it was a firm undertaking, he was entitled to judgment against the firm therefor, although in fact, as between the members, the contracting partner was not authorized to act for the firm.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellants.

*J. Stafford* and *T. E. Boyd,* for appellee.

CRUMPACKER, J.—Hoffman & Barrett, as special partners for that purpose only, took a contract from the school trustees of the city of Noblesville to furnish materials and construct a public school building in said city, according to certain plans and specifications.

They employed Toll to do the plastering upon the building, and when the structure was almost completed the school trustees contracted with the firm of Smead & Co. to put in machinery and apparatus for heating and ventilating, and a dry-closet system. Smead & Co. contracted with Barrett, who assumed to act for the firm of Hoffman & Barrett, to

do the work about the building in connection with such heating and ventilating apparatus, and Barrett, so assuming to act for his firm, employed Toll to do the additional plastering made necessary by such improvements. Toll did the work in the belief that it was a partnership undertaking, and then brought this suit against Hoffman & Barrett to recover a general balance alleged to be due from them as partners on account of the plastering.

Barrett was duly served with process and suffered default, but Hoffman appeared to the action and filed an answer in four paragraphs. The first was the general denial, the second and third were pleas of payment, and the fourth was a combination of answer and counter-claim, in which it was alleged that Hoffman & Barrett undertook the construction of the building according to certain plans and specifications, as special partners, and as such they employed Toll to do the plastering, but that he had failed to complete the work according to his contract, and that Hoffman & Barrett had settled with the school trustees for the work and agreed with them that it would require $73.17 to complete Toll's contract, and the trustees retained that amount from the contract-price of the building, to be paid to Toll when he should finish his work; that Toll had knowledge of and assented to such arrangement, and that he had never completed the work.

It was also alleged that Hoffman had no part in the contract to put in the heating and ventilating apparatus, but that Barrett undertook said work on behalf of the firm without Hoffman's knowledge or consent, and that he employed Toll to do the additional plastering on behalf of the firm, without Hoffman's consent and without authority, and that such additional work amounted to $39.10.

No demurrer was filed to the answer, and a reply in general denial joined the issues. The cause was tried by a jury and a verdict returned in favor of Toll for $197.09, the full amount of his claim. The jury returned answers to a series

of interrogatories submitted to them by the court at the defendant's request.

The defendant moved for judgment upon the interrogatories and for a new trial, both of which motions were overruled, and judgment was rendered upon the general verdict.

Motions were made by the defendant to modify the judgment, and overruled by the court.

This appeal was taken by Hoffman alone, and the alleged errors which he relies upon for the reversal of the judgment are :

1. In awarding judgment for the full amount of the verdict.

2. Overruling the motion for a new trial.

The first of these assignments is based upon the interrogatories, which, with the answers, are as follows :

" 1. Did the defendants, Hoffman & Barrett, enter into a special partnership in June, 1888, to build a school-house in the city of Noblesville for the board of school trustees ? Ans. Yes. C. J. McCole, foreman.

" 2. As such partners did said defendants enter into a contract with said board of school trustees on 19th of June, 1888, to build said school-house according to the plans and specifications of the architect? Ans. Yes. C. J. McCole, foreman.

" 3. Was said plaintiff employed to do the plastering required to be done in building said house, under said contract of June 19th, according to said plans and specifications ? Ans. Yes. C. J. McCole, foreman.

" 4. If the plaintiff had completed the work he so undertook, what would have been due him therefor ? Ans. $687.78. C. J. McCole, foreman.

" 5. Is it true that the plaintiff had failed at the time of the commencement of this suit to complete the said work so undertaken by him according to the plans and specifications ?. Ans. Yes. C. J. McCole, foreman.

" 6. Did the plaintiff, after the commencement of this suit, undertake to complete said work that he had left unfinished as aforesaid? Ans. Yes. C. J. McCole, foreman.

" 7. Did the defendant Hoffman, in behalf of said Hoffman & Barrett and said board of school trustees, on January 19th, 1889, settle the matters between them, growing out of said contract, entered into between them in June, 1888? Ans. Yes. C. J. McCole, foreman.

" 8. Did said defendant Hoffman, on said 19th of January, 1889, leave in the hands of said board of school trustees the amount of $73.17 to be paid to plaintiff when he should complete said work undertaken by him for Hoffman & Barrett, which they were required to do pursuant to said contract of June 19th? Ans. Yes. C. J. McCole, foreman.

" 9. Did said board of school trustees notify said plaintiff that said sum of $73.17 was in their hands for him when he completed said work? Ans. Yes. C. J. McCole, foreman.

" 10. Did the board of school trustees, on October 2d, 1888, enter into a contract with Isaac D. Smead & Co. to place in said school building a warming and heating apparatus and dry-closet system? Ans. Yes. C. J. McCole, foreman.

" 11. Did the defendant Barrett enter into a contract with said Smead & Co. to do work relating to placing said warming and ventilating apparatus and dry-closet system in said building? Ans. Yes. C. J. McCole, foreman.

" 12. Did the defendant refuse to have anything to do with said agreement and work? Ans. Yes. C. J. McCole, foreman.

" 13. Did the defendant Hoffman authorize the execution of said contract between said Barrett and Smead & Co. so far as it proposed to affect Hoffman & Barrett? Ans. No. C. J. McCole, foreman.

" 14. Is it true that said agreement with Smead & Co. was entered into without the knowledge or consent of said Hoffman? Ans. Yes. C. J. McCole, foreman.

" 15. Did the defendant leave the State before the com-

pletion of said work for Smead & Co., and did Smead & Co. afterwards employ other parties to complete such work? Ans. Yes. C. J. McCole, foreman.

" 16. What was the value of the work done by plaintiff for Barrett connected with placing said warming and ventilating apparatus and dry-closet system in said building? Ans. $39.31. C. J. McCole, foreman.

" 17. If you should return a verdict for plaintiff as against Hoffman, state how much you allow him, as balance owing on account of work which Hoffman and Barrett were required to do under contract of June 19th? Ans. $157.78. C. J. McCole, foreman.

" 18. Also, how much, if anything, you find owing him against Hoffman on account of work connected with said warming, ventilating apparatus and dry-closet system? Ans. $39.10. C. J. McCole, foreman.

" 19. How much has been paid to the plaintiff, or for him by Hoffman & Barrett? Ans. $530. C. J. McCole, foreman."

It is claimed on behalf of appellant that inasmuch as the jury found the work appellee undertook to do had not been completed according to contract, the trial court erred in rendering judgment upon the general verdict. Every presumption must be indulged in favor of the general verdict, and if it can be reconciled with the answers to interrogatories under any proof allowable under the issues the judgment must stand.

It does not appear by the interrogatories how much it would cost to have completed the work. It might have been proved at the trial that it was the appellant's fault that the work was not completed, or that the appellee did enough work outside of the contract to have fully paid for the completion of that embraced in the original contract. Under either of these theories the general verdict and answers to interrogatories would harmonize.

There is nothing of a controlling character in the finding relative to the settlement between the appellant and the

school trustees, and the withholding by the latter of a sum to insure the completion of the work, as appellee was not a party to nor bound by such settlement.

The work of putting in the heating and ventilating apparatus was no part of the original contract, and was, perhaps, not within the *real* scope of the partnership, yet Barrett assumed to act for the firm in undertaking the work, and contracted with the appellee on behalf of the firm. The appellee performed this additional work in the faith and confidence that it was a partnership engagement. It might have been proven upon the trial that such faith and confidence were inspired by the conduct of the appellant in relation to Barrett and the additional undertaking. If one, by his conduct, induces another to believe he is a member of a copartnership, and such other is led to contract with the firm upon the strength of such belief, he whose conduct induced the contract will not be permitted to deny his connection with the firm. Evidence of such facts would have been admissible under the issues in this case.

Furthermore, in particular partnerships, as well as in general, each member is the agent of the firm and may bind it by his contracts in everything necessary to carry on its business and in everything within the *apparent* scope thereof. *Porter* v. *Wilson*, 113 Ind. 350.

It is, perhaps, a matter of frequent occurrence that changes are made in the plans of buildings while in the process of construction, and a member of a firm charged with the construction of a building, ordinarily, has power to assent on behalf of his firm to such changes.

In the case before us Hoffman & Barrett undertook to construct the building according to the plans of the architect, and employed the appellee to do the plastering. Before the building was completed Barrett, assuming to act for the firm, engaged appellee to do some additional plastering made necessary by putting the apparatus for heating and ventilating in the building.

We think this last contract was fairly within the *apparent* scope of the partnership business, and the work having been performed by the appellee in the belief that it was a firm undertaking, he is entitled to judgment against the firm therefor, although, in fact, as between the members, the contracting partner was not authorized to act for the firm.

The only question discussed under the motion for a new trial relates to the giving and refusal of instructions.

We have carefully examined each instruction given and those offered by the appellant, and in view of the law applicable to the case, as stated in this opinion, the action of the trial court with reference to the instructions is not open to criticism.

The judgment is affirmed.

