Barnes v. Turner.

Filed Sept. 19, 1891.

---

No. 14,937.

## BARNES v. TURNER.

BILL OF EXCEPTIONS.—*Evidence.*—*How Incorporated.*—The evidence in a trial can not be brought into the record by the words " here insert " in the bill of exceptions. The original bill must contain the evidence.

VERDICT.—*Answer to Interrogatories.*—Where the answers to interrogatories are not irreconcilable with the general verdict, and do not find all the facts entitling the appellant to a judgment, the general verdict will not be disturbed.

From the Decatur Circuit Court.

*J. S. Scobey*, for appellant.

*J. D. Miller* and *F. E. Gavin*, for appellee.

OLDS, J.—The appellant brought this suit in ejectment for the land described in the complaint. The appellee answered, and filed a cross-complaint, declaring title to all the land except a piece thirty rods square in the northwest corner of the tract. As to this he alleged an equitable title, and asked to have his title quieted.

There was a trial by jury, resulting in a general verdict for

the appellee. The jury also returned answers to four interrogatories. Appellant moved the court for judgment in his favor on the interrogatories. This motion the court overruled, and entered judgment for the appellee, to which ruling the appellant excepted. Appellant also filed a motion for a new trial, which was overruled, and he reserved exceptions.

Error is assigned on the ruling of the court on each of the foregoing motions.

The ruling on the motion for judgment in favor of the appellant, as well as numerous questions arising on the evidence and instructions, is discussed by counsel for appellant.

The bill of exceptions sought to bring into the record the evidence, by stating in the bill the words " Insert the stenographic record of said evidence given on said trial."

The bill contained no evidence whatever at the time it was signed. The clerk inserts in the record what purports to be the stenographic report of the evidence, but it has been held in repeated decisions of this court that evidence can not be brought to this court in this manner; that the original bill must contain the evidence, and it can not be brought into the record by the words ". here insert " in the bill of exceptions. *Clark* v. *State, ex rel.*, 125 Ind. 1 ; *Fiscus* v. *Turner*, 125 Ind. 46.

The evidence not being in the record, no question can be considered in regard to the evidence, nor is any question presented in relation to the instructions. We can not say that those given were not proper under the evidence, or that those refused ought to have been given.

Both the complaint and cross-complaint allege title generally ; the complaint alleging a fee simple title in the appellant, and the cross-complaint alleging that the appellee is the owner, and has an equitable title to the small tract claimed.

We have examined the interrogatories and answers, and deem it unnecessary to encumber the record by setting them

·out, for it is clear that they are not irreconcilable with the general verdict, and they do not find all the facts entitling the appellant to recover the land in controversy. *Rice* v. *City of Evansville*, 108 Ind. 7; *Louisville, etc., R. W. Co.* v. *Stommel*, 126 Ind. 35; *Town of Poseyville* v. *Lewis*, 126 Ind. 80; *Ohio, etc., R. W. Co.* v. *Trowbridge*, 126 Ind. 391; *Lockwood* v. *Rose*, 125 Ind. 588; *Western Assurance Co.* v. *Studebaker, etc., Co.*, 124 Ind. 176.

There is no error in the record.

Judgment affirmed, with costs.

MILLER, J., took no part in the decision of this case.

Filed Sept. 19, 1891.