No. 144.

## BALDWIN v. SHILL.

TAXES.—*County Treasurer.—Tax Sale.—Ditch Certificate.—Suit Under Section 6465, R. S. 1881.—Estoppel.*—A county treasurer accepted in payment for lands sold for taxes a ditch certificate. At the time of such payment he gave to the purchaser a guaranty, as provided for in section 6465, R. S. 1881, stipulating that the taxes due on the land named in the certificate of sale, for the years for which the same had been returned delinquent, had never been paid by the owner, or by any person in his behalf, and that the same were due and unpaid at the time of the sale thereof named in such certificate. He was afterwards sued on such guaranty by the holder of the tax deed (such an action being provided for in section 6465, R. S. 1881), for the reason, as alleged, that a portion of the taxes for the payment of which said land had been sold had been paid previous to the date of such sale.

*Held,* in such an action the treasurer is not estopped to show that he had no authority to receive the ditch certificate, and that it was not a cash payment.

SAME.—*Tax Sale.—County Treasurer.—Acceptance of Ditch Certificate in Part Payment.—Effect as to Original Purchaser.—Subsequent Purchaser of Certificate.*—If a county treasurer, having no right to do so, receive a ditch certificate in payment for land sold for taxes, the buyer is bound to know that the treasurer exceeded his authority. A subsequent purchaser of the certificate of sale acquires only the rights of the original owner.

INSTRUCTIONS TO JURY.—*Section 535, R. S. 1881, Construed.—Marginal Memorandum Must be Signed by Judge.*—The requirement of section 535, R. S. 1881, that the endorsement on the margin excepting to instructions of the court must be "signed by the judge and dated," is not complied with when the statutory memorandum is dated, but instead of being signed by the judge is signed by the appellant's attorney.

VERDICT.—*Answers to Interrogatories.*—Judgment will be given on answers to interrogatories only in cases where there is an irreconcilable conflict between them and the general verdict.

From the Pulaski Circuit Court.

*D. P. Baldwin,* for appellant.

*J. C. Nye* and *R. A. Nye,* for appellee.

NEW, J.—This was an action by the appellant against the appellee, upon a written guaranty, given by the latter as treasurer of Pulaski county, under section 6405 of the Revised Statutes of 1881.

The complaint is in two paragraphs. The first, in substance, avers that in 1884 the auditor of Pulaski county executed to J. H. Falvey a tax certificate, in the usual form, showing that the latter had bid off, at a tax sale made by the appellee, as county treasurer, for the sum of $91.13, certain lands belonging to the heirs of Asa H. Freeman, deceased; and that the said treasurer endorsed upon said certificate his guaranty as follows:

"STATE OF INDIANA, Pulaski County, ss.:

"I, John Shill, treasurer of Pulaski county, Indiana, do hereby guarantee that the taxes due upon the lands above described, and named in the above certificate, for the years therein mentioned, have never been paid by the owner, nor by any person in his behalf, and that the same were yet due and unpaid at the time of the sale mentioned in said certificate.

"JOHN SHILL, Treasurer of Pulaski county, Indiana."

That Charles E. Hale, by assignment duly made, afterwards became the holder and owner of said certificate and guaranty endorsed thereon; and after the expiration of two years from the date of said sale received from said auditor a tax deed for said lands; that afterwards said Hale conveyed by deed said lands to the appellant, who thereafter brought suit upon his said deed, against said heirs, to quiet his title to said lands, or failing to do so, to establish his lien against the same for the tax so paid by said Falvey, together with interest and costs; that upon the trial of said cause against said heirs, the court found that there was $55 of said $91.13 which was not paid by said Falvey, and refused, to that extent, to award the appellant a lien on said lands.

It is further alleged in the complaint that at the time of the execution of said guaranty by the appellee, $55 of the sum ($91.13) named in said certificate of purchase, instead of being due and unpaid at the time of said tax sale, had theretofore been paid, and therefore, to that extent, the appellant acquired no lien upon said lands; that by reason of these

facts appellee, upon his said guaranty, had become liable to the appellant for one hundred and fifty dollars, for which he asked judgment.    Wherefore, etc.

There is not such difference between the first and second complaint as to require that the latter be set out or its averments repeated.

The case was tried by a jury upon a general denial to the complaint, with an agreement that all matters might be given in evidence under it.

The jury returned a general verdict for the appellee, as also answers to interrogatories submitted to them by the court at the request of the parties.

Judgment was rendered for the appellee, over motions by the appellant for a new trial, and for judgment upon the answers to the interrogatories, notwithstanding the general verdict.

The overruling of these motions is assigned as error by the court.

The first reason assigned for a new trial is that the court erred in instructions given the jury.  The instructions are not properly in the record, and therefore present no question for our decision.   Where it is sought to have instructions reviewed in this court, they must be brought into the record by a bill of exceptions, or as provided in sections 533 and 535, R. S. 1881.  The instruction complained of in the brief of counsel for the appellant is not in the record by a bill of exceptions.

Section 535, R. S. 1881, is as follows :

"A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write on the margin, or at the close of each instruction, ' refused and excepted to,' or ' given and excepted to,' which memorandum shall be signed by the judge and dated."

The instruction in question is signed by the judge and filed as required by section 533, *supra,* but the statutory mem-

orandum, " given and excepted to," although it is dated, is not signed by the judge, but is signed by the appellant's attorney. This is not sufficient. The " memorandum " should have been signed by the judge. The signature of the party's attorney is not now authorized. It was otherwise under section 325 of the code of 1852. *Childress* v. *Callender*, 108 Ind. 394; *Joseph* v. *Mather*, 110 Ind. 114.

The remaining reasons for a new trial can not be considered, inasmuch as the evidence is not in the record.

Did the court err in overruling the appellant's motion for judgment upon the facts specially found by the jury in answer to the interrogatories?

The contention of the appellant, as gathered from his complaint, is, that when said lands were sold at tax sale by the appellee to said Falvey, the latter bidding and paying, as claimed, therefor $91.13, there had theretofore been paid upon the taxes against said lands $55, of which no account was taken by the appellee in making said sale; that, therefore, at said sale, the appellee had been paid too much money by Falvey, and that the former, by his said guaranty as treasurer, has become liable in damages to the appellant under section 6465, R. S. 1881.

The interrogatories to the jury and the answers thereto we have thought best to set out in full. They are as follows:

## " By the Appellee.

" 1. Did the purchaser at the tax sale in question pay to John Shill the amount of his bid in cash? Answer. No.

" 2. Did the purchaser at such tax sale surrender as a part of his bid to the defendant a ditch certificate for $68.12, then held by him, in lieu of an equal amount of his bid, and did he receive a credit for such amount? Answer. Yes.

## " By the Appellant.

" 1. Did the auditor of Pulaski county, Indiana, February 11th, 1884, execute and deliver to J. H. Falvey a certificate of sale for taxes upon the south side of northeast ¼

northeast ¼, section 9, containing 14$\frac{55}{100}$ acres, and the northwest ¼ northeast ¼, section 9, all in township 30, range 2 west, said taxes amounting to $91.13, assessed against A. H. Freeman ? Answer. Yes.

" 2. Did John Shill endorse upon said certificate his guaranty as treasurer in writing, warranting that the $91.13 taxes named in said certificate were due and unpaid at the time of said sale ? Answer. Yes.

" 3. Did Shill report said sale to the auditor of Pulaski county, and that he had received said $91.13 ? Answer. Yes.

" 4. Did Shill afterwards receive from Pulaski county his fees as treasurer for collecting said $91.13 ? Answer. Yes.

" 5. Was said certificate afterwards assigned by Falvey to H. S. Hibbard and by H. S. Hibbard assigned to Charles E. Hale, and did Hale afterwards receive a tax deed for said land so sold, and convey all his rights in the premises to the plaintiff, Daniel P. Baldwin ? Answer. Yes.

" 6. Did Baldwin afterwards bring suit against the heirs of Asa H. Freeman, the owner of the land sold, in the Pulaski Circuit Court, to foreclose the lien conveyed by said tax deed ? Answer. Yes.

" 7. Did the Pulaski Circuit Court in said suit declare said $91.13 was satisfied except for $20 ditch tax, $8.73 State and county taxes, and $2.80 costs of certificate and deed ; and that the holder of said certificate was entitled to nothing except said sums ? Answer. Yes.

" 8. Did the plaintiff before bringing this suit demand payment of the defendant for the remainder of the $91.13 taxes named in and represented by said tax certificate, less the allowance made by the Pulaski Circuit Court, found in your answer to the last interrogatory ? Answer. Yes.

" 9. Has the remainder of said $91.13 ever been paid to the plaintiff? Answer. No.

" 10. Was the $91.13 of taxes and assessments named in said certificate, less the amount allowed by the Pulaski Circuit Court, due and unpaid when the tax sale of February,

1884, was made and the guaranty sued upon was given and the tax certificate delivered to said Falvey? Answer. No.

" 11. Did Shill, the treasurer at the time of the sale and before reporting the same to the auditor, receive a ditch certificate from the bidder of $68.12 as so much cash? Answer. Yes."

The rule is well settled that judgment will be given on answers to interrogatories only in cases where there is an irreconcilable conflict between them and the general verdict. Unless the facts found effectually and irreconcilably antagonize the general verdict, the latter and the judgment entered upon it must stand. *Smith* v. *Heller*, 119 Ind. 212; *Lockwood* v. *Rose*, 125 Ind. 588; *Jacquay* v. *Hartzell*, 1 Ind. App. 500; *Gaar, Scott & Co.* v. *Rose, ante*, p. 269.

Guided by this well-settled rule, we have come to the conclusion that the general verdict in this case should not be disturbed.

It is not clearly shown by the answers to the interrogatories that Falvey, to whom the tax sale certificate was issued, was the purchaser at said tax sale, or, if he was the purchaser, that he paid anything to the appellee at said sale, unless $68.12 by a " ditch certificate " can be regarded as a payment.

Whether that ditch certificate was an instrument which the appellee might properly receive in his official capacity at that time, or take up as the equivalent of so much money on Falvey's bid, if he was the purchaser, can not be determined from any facts found by the jury. There is no instrument or paper mentioned in the statutes relating to drainage called a " ditch certificate," and we can not give to those words a meaning equivalent to money, or any meaning which would make such a certificate a demand upon the county treasury for money.

If it be the surveyor's certificate, provided for in section 4305, R. S. 1881, which is meant, it is not so expressed, nor are facts found showing that the " ditch certificate" referred to

Baldwin *v.* Shill.

was but another name for a surveyor's certificate. It will be found, upon reference to the section just cited, that, when a surveyor issues his " certificate of acceptance " of ditch work done by a contractor, he is required to file a copy thereof with the auditor, who charges the amount named therein on the tax duplicate against the lands liable therefor, to be collected as other taxes are collected, and it is not until the amount so named in the sheriff's certificate is collected by the treasurer that it can be paid by him to the person holding the said certificate, and then it can not be paid except upon the order of the auditor of the county.

If the said " ditch certificate " was a surveyor's certificate, of the kind provided for by the statute, and the amount named therein had at the time of the tax sale been collected as provided by law, then it might be said with some reason that the appellee, as treasurer, need not go through the useless form of first paying said amount to Falvey and then at once receiving it back from him, but might by proper credits and charges treat the certificate as so much cash. But it is not shown by the answers to the interrogatories that there was at the time of the tax sale, or that there has since been any funds in the county treasury which could be lawfully applied on said certificate, whatever may have been its character.

It can not be said that the appellee, having at the tax sale, and since, treated said certificate as so much cash, is therefore estopped from showing that it was not the payment of cash in fact, nor in legal effect, for the rule is well established that individuals, as well as the courts, must take notice of the extent of authority conferred by law upon persons acting in an official capacity. All who deal with officers exercising statutory powers, and whose authority is limited by statute, are charged with notice of the scope of such officer's authority. *Platter* v. *Board, etc.*, 103 Ind. 360; *Honey Creek School Tp.* v. *Barnes,* 119 Ind. 213; *Julian* v. *State,* 122 Ind. 68.

To apply the doctrine of estoppel to such a case would be to frustrate the purpose of the law in defining and limiting the powers of its officers, and would enable them to do by indirection what they were not authorized to do directly.

If it be said that the law presumes that public officers, charged with the performance of official duty, have not neglected the same, but have performed it in the proper manner, it must also be said that while, in the absence of evidence to the contrary, this presumption will prevail, it is not an indisputable one, but may be overcome by countervailiug evidence.

If at the time of the tax sale there were not funds on hand in the county treasury which Falvey was entitled to receive on the " ditch certificate," then it is plain that the appellee had no right to receive said certificate as cash. He could not make that a payment which was not a payment. It would not be a case of the defective execution of a power by the officer, but would be an attempt to do what the law forbids.

It was competent for the appellee, under the issues, to prove that there were no funds in the treasury to which Falvey was entitled on said certificate, and, for all that appears from the answers to the interrogatories, this fact may have been established, and therefore constrained a general verdict for the appellee. Or it may have been proven that said certificate was not such an instrument as the appellee could receive at all and pay money upon. If it was not, and money had been paid upon it by the appellee in his official capacity, it could have been recovered. *Commonwealth* v. *Field,* 84 Va. 26; *Belden* v. *State,* 103 N. Y. 1; *People* v. *Denison,* 80 N. Y. 656; Mechem Public Offices and Officers, section 921.

If the appellee treated said " ditch certificate " as money without the right to do so, Falvey was bound to know that the appellee was exceeding his authority, and those standing in the relation of privies to Falvey can acquire through said

certificate no rights which Falvey himself had not possessed because of said certificate.

It is the "amount paid" by Falvey which, under the statute, forms the basis of the appellant's right to recover. If the "ditch certificate" was not a payment, there is no foundation for the appellant's claim to rest upon.

We have examined all the questions properly presented, and, finding no available error, affirm the judgment.

