No. 652.

EVANSVILLE & RICHMOND RAILROAD COMPANY *v.* KYTE.

RAILROAD.—*Complaint for Damages.—Construction of.—Copy of Ticket Not Necessary.—Passenger.—Common Carrier.—Breach of Contract.*—In an action by a passenger against a railroad company for damages by reason of a breach of the contract—in failing to carry the passenger to her destination, by carrying her beyond her destination, and compelling her to walk back through a cold wind and carry her baggage and a year old child, from which exposure she became sick—it was held that the theory of the complaint is that the plaintiff was injured because of a violation of the contract to safely carry the plaintiff to her destination, and that it was not necessary to set out in the complaint a copy of the ticket.

From the Washington Circuit Court.

*M. F. Dunn,* for appellant.

*O. H. Montgomery,* for appellee.

Ross, J.—The appellee, who was the plaintiff in the court below, in her complaint in this cause alleges that on the 26th day of October, 1891, she purchased a ticket from the appellant, a common carrier, entitling her to a passage over its railroad from Kurtz to Cortland, and that on said day she took passage at said station of Kurtz on one of its passenger trains, which was scheduled under the rules of the appellant to stop at said station of Cortland to receive and discharge passengers; that said railroad company had provided a platform at said station of Cortland, at which passengers were received and discharged; that appellant's said train, upon which she took passage, did not stop at said station of Cortland, but carried appellee beyond said station and platform a quarter of a mile, where appellant had no station or platform, and over her objection the conductor of said train ejected her therefrom at that point, and she was compelled to walk back to said station of Cortland, etc. Other allegations are made rela-

tive to the indignities imposed upon her by appellant's conductor in ejecting her; also, the fact that she was compelled to walk back to her destination, exposed to a cold wind, and to carry her baggage and a child one year old, from which exposure she became sick.

The contention of appellant in this court is that the complaint does not state a cause of action, and insists that the cause of action as alleged in the complaint did not arise *ex contractu*, but if any cause exists it arose *ex delicto*.

We adopt the construction of appellee's counsel that the theory of the complaint is that the appellee was injured by reason of the violation of the implied contract made by the appellant to safely carry her to her destination. When the appellant sold appellee the ticket entitling her to a passage over its railroad from Kurtz to Cortland, and accepted her upon its train, it impliedly undertook to carry her safely to her destination and to permit her to alight at that point. If it in any way violated that contract to her injury, she is entitled to recover damages. It was not necessary to set out a copy of the ticket in the complaint.

The complaint states a cause of action, and there was no error in overruling the demurrer thereto.

The appellant also assigns as error that " The court erred in overruling appellant's motion for judgment in its favor upon the special findings of the jury, notwithstanding the general verdict."

We do not think the court below erred in overruling this motion of the appellant.

It has been so often decided that special findings override a general verdict only when both can not stand, that it is not necessary for us to elaborate upon that question. See *Evansville, etc., R. R. Co.* v. *Gilmore*, 1 Ind. App. 468; *Hoffman* v. *Toll*, 2 Ind. App. 287; *Baldwin* v. *Shill*, 3 Ind. App. 291; *Smith* v. *Heller*, 119 Ind. 212; *Lockwood* v. *Rose*, 125 Ind. 588; *Barnes* v. *Turner*, 129 Ind. 110.

The instructions complained of, taken in conjunction

with the other instructions given by the court to the jury, are as favorable to the appellant as it could rightfully ask. This court is unable to find any error prejudicial to appellant's rights by the giving of any of the instructions.

The judgment of the court below is affirmed.

Filed January 17, 1893.