## HINES ET AL. v. THE CONSOLIDATED COAL AND LIME COMPANY.

[No. 3,528. Filed October 10, 1902.]

CONTRACTS.—*Bond.*—*Liability of Sureties.*—*Street Improvements.*—Defendant entered into a contract for the improvement of a street, and, with his codefendants, executed a bond for the performance of the contract " and for the use and benefit of any person who may be aggrieved by the breach of this bond or any condition therein." The contractors sublet the contract, and the subcontractors purchased material of plaintiff and gave it an order on the contractor when the latter was indebted to them, which order was verbally accepted. There was no condition in the contract against subletting. *Held,* that the making of the order and its acceptance constituted a valid assignment of the account, and that the sureties in an action therefor on the bond could not avoid liability on the ground of want of knowledge of the subletting of the contract and the contracting of the debt. *pp. 564–567.*

EVIDENCE.—*Partnership.*—Section 506 Burns 1901, providing that in suits in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, any person who is a necessary party to the issue, whose interests are adverse to the estate, shall not be a competent witness, is not applicable in an action on the bond of a firm against the surviving partner and sureties, no recovery being sought against the estate of the deceased partner. *p. 569.*

PARTIES.—*Waiver of Defects.*—*Evidence.*—Available error can not be predicated upon the action of the court in admitting in evidence an account on the ground that the same was inadmissible because the assignors of the account were not parties to the action, where the question of defect of parties was not presented by demurrer or answer; since, under §346 Burns 1901, the court could treat the defect as waived. *p. 569.*

From Hamilton Circuit Court; *J. F. Neal,* Judge.

Action by the Consolidated Coal & Lime Company against William R. Hines and others on an account for material furnished subcontractors for the improvement of a street. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*H. C. Sheridan,* for appellants.
*George Shirts* and *W. R. Fertig,* for appellee.

Hines v. Consolidated Coal and Lime Co.

BLACK, J.—The city of Noblesville, in accordance with the statute relating to the improvement of streets at the expense of the owners of adjoining lots, the city to pay for street and alley crossings, contracted with James W. Wilding and William R. Hines, composing the firm of Wilding & Co., for the improvement by them of a certain street of that city. A bond was executed by Wilding and Hines as principals, and David A. Coulter, Robert McClamrock, and Albert R. Tucker as sureties. Wilding & Co. employed Ficklin & Co. to construct the sidewalks, the subcontractors to furnish the materials and to provide the labor for the making of the sidewalks. Ficklin & Co. purchased of the Consolidated Coal & Lime Co. a large quantity of cement for the purpose of using the same in the construction of the sidewalks, which was so used by Ficklin & Co., and thereby Ficklin & Co. became indebted to the Consolidated Coal & Lime Co. for the price of the cement. Thereafter Ficklin & Co. gave to the Consolidated Coal & Lime Co. an order upon Wilding & Co. for the amount of the bill for cement, which order was verbally accepted by Wilding & Co., but was not paid. This was an action brought by the Consolidated Coal & Lime Co., the appellee, upon said bond against Hines, one of the principals, the other principal, Wilding, having died before suit, and against the sureties, one of whom, Robert McClamrock, died pending the action in the court below. From the judgment rendered against them Hines, Coulter, and Tucker appeal.

The questions relating to the right of action arose under demurrers to the complaint which were overruled, and under demurrers to answers of the sureties which were sustained, wherein the answering sureties alleged that the subletting of the work to Ficklin & Co. was without the knowledge or consent of those defendants, who had no knowledge of the purchase of the cement by Ficklin & Co., and no knowledge that it was being furnished Ficklin & Co. In the contract between the city and Wilding & Co.,

the latter agreed "to furnish all the material, labor, apparatus, and machinery necessary for said improvement, and to pay for all labor and material used and employed thereon; all to be done and furnished without any expense to said city;" also, that the contractors should save the city harmless by reason of any negligence of themselves or any of those employed by them. In the contract there was a reference to the bond of the contractors and their sureties for the faithful performance of the contract. The bond, executed May 8, 1895, whereby it was stipulated that the principals and sureties were held and firmly bound unto the city "and for the use and benefit of any person who may be aggrieved by breach of this bond, or any condition therein," was conditioned that, if Wilding & Co. should do all things required of them in the resolution of the city council ordering the improvement, and in the profile, plans, and specifications for the improvement, and should faithfully and honestly do the work of making the improvement, "and shall faithfully comply with all the terms of his contract with said city to make the same, in all respects according to the true intent and meaning of the same, and shall save said city harmless by reason of any injury or damage that may be done on account of the wilful or negligent acts or omissions of such contractors, or any of his employes, then this obligation shall be void; else to remain in full force and virtue in law."

The order in writing signed by Ficklin & Co. was addressed to Wilding & Co., and directed this firm to pay the appellee $643, "as payment in full of our indebtedness at Noblesville, Ind., when our contract with you matures." It was dated September 5, 1895. At that time Wilding & Co. were indebted to Ficklin & Co. for the amount mentioned in the order for the work done and said cement furnished for the improvement, and Ficklin & Co. were indebted in that sum for said material to the appellee; and after Ficklin & Co. had performed all labor and

furnished all material they had engaged to perform and furnish for Wilding & Co., and after the contract of Ficklin & Co. had matured, the appellee presented the order to Wilding & Co., who were then indebted to Ficklin & Co. on said account in the sum mentioned in the order, and requested acceptance and payment of the order, and Wilding & Co. verbally accepted it, and agreed to pay the amount thereof to the appellee, but failed to make payment.

It is sufficiently established that the bond in suit would have been available in favor of Ficklin & Co. to secure payment for the work and materials done and furnished by them to Wilding & Co., the contractors, for and in the improvement of the street. With or without special statutory authority the city could thus effectively make provision for the security of those who, by their labor done or materials furnished by them, aided the contractors, and, through them, the city in the making of an improvement beneficial to the public,—whether a public building, or a public street, or other public structure involving the hiring of labor and the purchase of materials by the contractors. Thus far the matter is already settled by our decisions. *Williams* v. *Markland,* 15 Ind. App. 669; *Young* v. *Young,* 21 Ind. App. 509; *American Surety Co.* v. *Lauber,* 22 Ind. App. 326; *Brown* v. *Markland,* 22 Ind. App. 652; *King* v. *Downey,* 24 Ind. App. 262. See, also, *Reynolds, etc., Co.* v. *Eacock,* 27 Ind. App. 459.

The order of Ficklin & Co., addressed to the contractors for the payment to the appellee of the account of Ficklin & Co. against the contractors, which was accepted while the debt of the contractors to Ficklin & Co. was unpaid to the full amount of the order, constituted an assignment of the account to the appellee. The indebtedness of Ficklin & Co. to the appellee for the cement purchased from the latter by the former constituted a valid, sufficient, and full consideration for the assignment of the account of

Ficklin & Co. against the contractors for the work done and materials furnished for the improvement of the street, the payment for which was secured by the bond in suit. The action did not proceed upon a theory that the sureties were liable to one who furnished material to a subcontractor, but was based upon the express provisions of the contract and bond construed together, and the appellee sought the enforcement of the obligation to pay for work and materials done for and furnished to the contractors. The assignment of the account against the contractors carried with it to the appellee the security for its payment.

The employment of Ficklin & Co. by the contractors to construct the sidewalk and to furnish the materials therefor was within the meaning and purpose of the bond in suit. The contract, to secure the faithful performance of which the bond was executed, did not forbid such subletting. It prescribed the kind of materials to be used and the manner in which the work should be done, but did not further restrict the contractors as to the manner in which they should procure the doing of the work or the furnishing of the materials; and, however procured, the contractors were to pay those to whom they became indebted for work or materials, and this obligation was covered by the bond. The liability of the sureties could not be affected by absence of knowledge or consent on their part as to the employment of Ficklin & Co., or any other person whose employment was thus within the intent of the contract for the improvement. The want of knowledge on the part of the sureties of the purchase of the cement by Ficklin & Co., and of the furnishing thereof to them, the indebtedness for which constituted the consideration for the assignment to the appellee of the claim of Ficklin & Co. against the contractors, was immaterial. When the assignment was effected, the sureties became liable to the appellee as the assignee.

The questions presented by the motion of the appellant

for a new trial are, for the most part, sufficiently disposed
of in what we have already said. August M. Kuhn, presi-
dent of the appellee, testifying as a witness on its behalf,
said that he was acquainted with Mr. Wilding and Mr.
Hines; that his transactions were all through Wilding.
The witness was asked on behalf of the appellee: "What
was the first conversation, if any, that you had with Wild-
ing in relation to your claim for this cement?" The de-
fendants objected "to the testimony sought to be elicited
from the witness, for the reason that J. W. Wilding is
dead, and can not be heard to give his version of the con-
versation that occurred, and his conversation can not bind
the bondsmen and the defendant Hines." The objection
being overruled, the witness answered: "I told him, after
the job was done, that we were ready now for settlement.
He says: 'Well, August,' he says, 'the best way to settle
is this, now you get Ficklin to give you an order on Wild-
ing & Co. for the amount,—for the amount that is due
you,—and we will pay it.'" Counsel, admitting that
§506 Burns 1901 does not in terms forbid this testimony,
contends that it is within the meaning of that statute, which
provides: "In suits or proceedings in which an executor
or administrator is a party, involving matters which oc-
curred during the lifetime of the decedent, where a judg-
ment or allowance may be made or rendered for or against
the estate represented by such executor or administrator,
any person who is a necessary party to the issue or record,
whose interest is adverse to such estate, shall not be a com-
petent witness as to such matters against such estate."
This statute plainly is not directed against the proving,
in such a case as that contemplated therein, of relevant
and material matters which occurred during the lifetime
of the decedent, but it renders a person of the class therein
designated incompetent to testify as to such matters against
the estate. "The objection does not go to the evidence
itself, but to the person," the incompetent witness. *Gilbert*

v. *Estate of Swain,* 9 Ind. App. 88; *Allen* v. *Jones,* 1 Ind. App. 63; *Sullivan* v. *Sullivan,* 6 Ind. App. 65. The objection of the appellants was to the testimony sought to be elicited from the witness, and in the reasons assigned for the objection the incompetency of the witness was not specified. But besides this formal criticism, suggested by the appellee, the case was not a suit or proceeding such as is designated in the statute. The personal representative of the deceased partner was not a party, and could not properly have been made a defendant, and no judgment or allowance for or against the decedent's estate could have been made or rendered in this action. §2466 Burns 1901; *Norwood* v. *Harness,* 98 Ind. 134, 49 Am. Rep. 739; *State, ex rel.,* v. *Cunningham,* 101 Ind. 461; *Nicklaus* v. *Dahn,* 63 Ind. 87; *Wood* v. *Stewart,* 9 Ind. App. 321.

Objection was made by the appellants to the introduction of the order of Ficklin & Co. in evidence, the ground of objection which is pressed in argument being that the assignors were not parties to the action. The complaint alleged that the firm of Ficklin & Co. was composed of William Ficklin and one Donahue, who was deceased; and William Ficklin was made a party defendant in the complaint, to answer as to his interest; but it is claimed that he was not served with process, and was not an actual party. The statute provides that if an objection for defect of parties be not taken either by demurrer or by answer, the defendant is to be deemed to have waived it. §346 Burns 1901; *Sheridan Gas, etc., Co.* v. *Pearson,* 19 Ind. App. 252, 65 Am. St. 402; *Morrison* v. *Ross,* 113 Ind. 186; *Carskaddon* v. *Pine,* 154 Ind. 410; *Browning* v. *Smith,* 139 Ind. 280; *Moore* v. *Harmon,* 142 Ind. 555; *Darnall* v. *Simpkins,* 10 Ind. App. 469. It does not appear in the objection that the appellants did not or could not know before entering on the trial that any person named in the complaint as a defendant had not been served and had not appeared. No application appears to

have been made before entering on the trial, or at the time of the making of the objection to the offered evidence, to be permitted to present the matter of a defect of parties by demurrer or by answer. It was a matter which could be waived, and the court in ruling upon the objection was justified in treating it as waived, no attempt or offer having been made at any time to present it in the manner provided by statute.

Judgment affirmed.