**Walter BAY, Jack Humprey, C. J. Davis and Thomas G. Webber, d/b/a Lakeshore Properties, a Partnership, Appellants (Defendants Below),**

v.

**Clarence BARENIE, d/b/a Battery Sales and Service, Appellee (Plaintiff Below).**

No. 3–180A6.

Court of Appeals of Indiana,
Third District.

May 18, 1981.

Thomas F. Wagner, Michigan City, for appellants.

John J. Davie, LaPorte, for appellee.

HOFFMAN, Presiding Judge.

This appeal arose from a judgment in favor of Clarence Barenie, d/b/a Battery Sales and Service (Barenie), for money damages for services and materials furnished Walter Bay, Jack Humprey, C. J. Davis and Thomas G. Webber, d/b/a Lakeshore Properties (Lakeshore).

Walter Bay, Jack Humprey, C. J. Davis and Thomas G. Webber were partners in a partnership known as Lakeshore Properties. Lakeshore purchased a parcel of land from Barenie and in turn Barenie was given the right of first opportunity to bid on the excavating business that would be needed for its endeavor.

During 1977, while improving the land, Lakeshore hired Barenie to perform some construction work which included excavating, clearing, filling, leveling and use of heavy equipment. During April of 1977, at Lakeshore's request, Barenie provided it with an estimate of the cost of certain portions of his work. At the time of the estimate, Barenie thought he could obtain fill sand at a cost of $1.50 per yard and he was requested by Walter Bay to base his estimate on 1,500 yards of fill sand.

Barenie purchased and had delivered fill sand in the amount of 3,418 yards at a cost of $1.80 per yard. The other work was performed according to the estimate. $5,142.40 of the bill submitted by Barenie for material furnished, equipment provided and labor performed, was never paid by Lakeshore.

At trial, Barenie testified that upon learning he could not obtain the fill sand at a cost of $1.50 per yard, he was authorized by Jack Humprey to obtain the sand at a higher price. Barenie further testified that after the estimated amount of fill sand had been delivered, he was authorized by Jack Humprey to purchase additional fill sand, the amount needed to properly grade and level the property. Lakeshore objected to this testimony and the objection was overruled. It was established that Jack Humprey was deceased at the time of trial.

The trial was held before the probate commissioner of the LaPorte Circuit Court. The probate commissioner made findings of fact which were reported to the judge of the LaPorte Circuit Court. The judge, in turn, entered a judgment in favor of Barenie in the sum of $5,142.40 plus costs of the action.

The issues raised in this appeal are as follows:

(1) whether the trial court erred in allowing testimony regarding conversations between Barenie and Humprey, the deceased partner, and

(2) whether the trial court erred in not granting a mistrial when Barenie sought to introduce documents which had not been supplied to Lakeshore pursuant to a pretrial motion to produce.

The statute which Lakeshore contends is applicable to the case at hand, commonly referred to as the Dead Man's Statute, reads as follows:

"34-1-14-6. When an executor or administrator is party—Exceptions.—In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the life-

time of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator; any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate: Provided, however, That in cases where a deposition of such decedent has been taken, or he has previously testified as to the matter, and his testimony or deposition can be used as evidence for such executor or administrator, such adverse party shall be a competent witness for himself, but only as to any matters embraced in such deposition or testimony."

Long ago, the Indiana Supreme Court interpreted this statute to require the concurrence of three things in order to exclude testimony:

"(1) The transaction, or the subject-matter thereof, must be in some way directly involved in the action or proceeding, and it must appear that one of the parties to the transaction, about to be proved, is dead. (2) The right of the deceased party must have passed, either by his own act or that of the law, to another, who represents him in the action or proceeding in the character of executor, administrator, or in some other manner in which he is authorized by law to bind the estate. (3) It must appear that the allowance to be made or the judgment to be rendered may either directly or indirectly affect the estate of the decedent."

*Durham v. Shannon* (1888), 116 Ind. 403, at 405–406, 19 N.E. 190, at 191.

The record in this case is clear that the executor or administrator of Humprey's estate was not a party to this action. No substitution of parties was made pursuant to Trial Rule 25 of the Ind. Rules of Procedure. In fact, counsel for Lakeshore was uncertain as to whether or not an estate had been opened or not. In its brief, Lakeshore refers to Humprey simply as an agent.

Counsel for Barenie stated several times that no judgment was being sought against the Humprey estate. Any action involving the Humprey estate would be an action brought by the surviving partners for contribution. Such an action would be entirely separate from the one before us.

Lakeshore would have us believe that the surviving partners are the legal representatives of the deceased which are required by the statute. However, no authority has been given to support this argument.

A case similar to the one before us was decided by this Court in 1902. The case of *Hines v. Consolidated Coal and Lime Co.* (1902), 29 Ind.App. 563, 64 N.E. 886, also dealt with a contract for materials and labor. An objection was made to testimony sought from a witness regarding his conversation with a deceased party. This Court said that the statute was not directed at the testimony, but rather the statute renders a person of the class therein incompetent to testify against the estate. In other words, the objection should go to the person, the incompetent witness, and not to the evidence.[1]

Besides the formal criticism, the Court found in *Hines* that the case was not a suit to which the statute was applicable. The personal representative of the deceased partner was not a party to the action.

Lakeshore contends that the case of *Finch, Admr. v. McClellan* (1921), 77 Ind. App. 533, 130 N.E. 13, should govern this case because the facts in the two are so similar. In *Finch* this Court held that the Dead Man's Statute was applicable to the witness seeking to testify regarding a conversation with the deceased partner. The cases are very similar, but can be distinguished on one important point: in *Finch* the administrator of his estate had been substituted for the deceased partner and in the case at hand, no such substitution had been made.

---

1. It should be noted that the same mistake was made in this case. Counsel objected to the testimony sought to be elicited rather than the incompetency of the witness.

It appears to be clear from the record before us that since the administrator or executor of Humprey's estate was not a party to this action, the Dead Man's Statute does not render Barenie an incompetent witness. His testimony regarding his conversations with Humprey was properly admitted.

■ Since it is well established that in a partnership each partner is the agent of the firm and may bind it by his contracts in everything necessary to carry on its business, Lakeshore would be bound by any contracts Jack Humprey made as a partner of that firm. *Lindley v. Seward* (1937), 103 Ind.App. 600, 5 N.E.2d 998, *rehearing denied*, 103 Ind.App. 600, 8 N.E.2d 119; *Hoffman et al. v. Toll* (1891), 2 Ind.App. 287, 28 N.E. 557.

Lakeshore states in its brief that IC 1971, 34–1–14–8 is applicable to its case and would prohibit Barenie's testimony. However, it fails to develop this argument and this Court fails to see the applicability of that statute to the facts before us in any way.

The second issue raised by Lakeshore relates to the introduction of Plaintiff's Exhibit No. 2, an estimate submitted by Barenie to Lakeshore. Lakeshore contends it was prejudiced by surprise when Barenie sought to enter Plaintiff's Exhibit No. 2 into evidence, since it had not been given the document pursuant to its motion for production of documents.

Lakeshore filed a motion for production of documents on February 2, 1979. The record shows no ruling was ever made on the motion. The Indiana Supreme Court held in *Chustak et al. v. NIPSCO* (1972), 259 Ind. 390, 288 N.E.2d 149, that where no ruling appeared on the motion to produce, and the defendants proceeded without protest and without a ruling, they waived any error.

■ It is well established in Indiana that the proper remedy for a party who has been denied the benefits of the discovery process is to seek a continuance. Failure to do so constitutes waiver of the objection. *J. Y. v.*

*D. A.* (1978), Ind. App., 381 N.E.2d 1270; *Burger Man, Inc. v. Jordan Paper Prod.* (1976), 170 Ind.App. 295, 352 N.E.2d 821.

■ The record shows that when Barenie sought to introduce Plaintiff's Exhibit No. 1, Lakeshore objected, but stated it would not ask for a continuance. Counsel for Barenie agreed to declare a mistrial, but instead the exhibit was withdrawn. At that time, counsel for Barenie stated he would not seek to introduce Plaintiff's Exhibit No. 2. However, counsel for Lakeshore informed the court that he had obtained a copy of Plaintiff's Exhibit No. 2 and would seek to introduce it if Barenie did not.

During redirect examination of Clarence Barenie, counsel offered Plaintiff's Exhibit No. 2 into evidence and Lakeshore objected. In its brief, Lakeshore states that it requested a continuance at that time. However, the record does not reflect such a request. When questioned by the court as to the specificity of his objection, counsel for Lakeshore replied:

"MR. WAGNER [counsel for Lakeshore]: Your Honor, all I am asking for is at the conclusion of this trial I'd be given a reasonable time to produce the original of the document and submit it into evidence."

Since no continuance was requested at the time the document was offered and Lakeshore had proceeded without a ruling on its motion for production of documents, any error here was waived.

Having found no reversible error, the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.