VILLAGE OF WEST DULUTH vs. JAMES H. NORTON et al.

Submitted on briefs April 9, 1894. Reversed April 20, 1894.

No. 8689.

Counterclaim in action by a trustee for the cestui que trust.

Where a village organized under Laws 1891, ch. 146, takes the bond of a contractor, conditioned for the faithful performance of the contract, and that he will pay for all labor and material furnished, as provided in subch. 9, § 4, of that statute, and such village brings an action on such bond to recover the sum due from the contractor to a third party so furnishing

material, but claims nothing in its own right, *held,* that such suit is brought in a representative capacity, and it is no defense to it that the plaintiff has in its hands more than sufficient funds withheld from the contractor to pay all such claims.

Appeal by plaintiff, the Village of West Duluth, from an order of the District Court of St. Louis County, *J. D. Ensign,* J., made October 14, 1893, overruling its demurrer to the answer.

The plaintiff is a Municipal Corporation organized under Laws 1891, ch. 146. On July 5, 1892, the defendant, James L. Norton, entered into a contract with the village to construct for it an addition to its city hall, and therein agreed to pay for materials furnished by any person or party to carry on the work. As security for such payment and performance Norton as principal and the defendants, Charles W. Hoyt, L. L. Marble and W. L. McMinn, as sureties, at the same time executed a bond to the village in the penal sum of $5,000, with the condition that if Norton performed the contract and paid for all materials furnished and work done, then it should be void, otherwise of force. It was further provided therein that any person who might have a just claim for labor performed or material furnished might bring action on the bond and recover therefor in the name of the village, in any court having jurisdiction. On September 21, 1892, the Pioneer Fireproof Construction Company, a corporation, sold and delivered to Norton materials for the work to the value of $118. He did not pay and this action was brought on the bond to recover that amount for its use and benefit. The defendants answered that the village had withheld and then had in its possession funds belonging to Norton sufficient to pay and discharge all claims for work and material furnished in the performance of his contract; and prayed judgment discharging them with costs. Plaintiff demurred to this answer on the ground that it did not state facts sufficient to constitute a defense or counterclaim. The court overruled the demurrer and plaintiff appealed.

*Towne & Davis,* for appellant.

The statute under which the village was incorporated directs that such a bond be taken whenever a contract for public work is awarded and that it contain the conditions found in this bond.

Laws 1891, ch. 146, subch. 9, § 4. The wording of the section is identical with that found in the corresponding section of the charter of the city of Duluth. Sp. Laws 1887, ch. 2, subch. 5, § 5, which has been construed by this court. *State Bank of Duluth* v. *Heney*, 40 Minn. 145.

The answer does not state a demand against the village of West Duluth in its representative capacity as trustee and cannot therefore be pleaded in this action. *Townsend* v. *Minneapolis C. S. & F. Co.*, 46 Minn. 121.

*J. L. Washburn*, for respondents.

Having withheld from Norton the money to discharge these claims for labor and material, the plaintiff brings this action to recover from the defendant Norton's bondsmen the amount of one of the claims, although it already holds the money to pay it. We submit that the plaintiff cannot do this; that it cannot retain the money from Norton to pay the claims and also recover the amount again from the bondsmen.

CANTY, J. The complaint in this action alleges that the plaintiff is a municipal corporation organized under Laws 1891, ch. 146; that it entered into a written contract with the defendant Norton for the erection of an addition to its city hall, whereby he agreed to build such addition, and pay for material furnished by any person whatsoever for erecting the same; that at the time of entering into the contract, Norton, as principal, and the other defendants as sureties, made to plaintiff a bond conditioned for the performance of the contract, and to "pay for all labor done and material furnished for or on account of said contract, as aforesaid, as they shall become due;" that in the performance of the contract the Pioneer Fireproof Construction Company so furnished material to Norton, who agreed to pay $118 therefor, which is unpaid, and demands judgment for that sum. The answer admits the incorporation of plaintiff as alleged, the making of the bond, and, as a necessary implication, the making of the contract between Norton and the village. It then alleges that "said plaintiff has withheld from the said defendant Norton in said contract, and now has in its hands, more than sufficient funds to pay and discharge all just claims of

any persons or corporations furnishing material or doing work thereon, including the claim of the said Pioneer Fireproof Construction Company." To this answer plaintiff demurs, as not stating facts sufficient to constitute a defense, and from the order overruling the demurrer plaintiff appeals.

Laws 1891, ch. 146, subch. 9, § 4, provides that such a contract shall contain a covenant to pay for all labor done and material furnished, and that a bond shall be given as was given in this case; that "said bond shall contain a further condition that he will pay for all labor done and material furnished for or on account of said improvement." These provisions are the same as those in the charter of Duluth construed in *State Bank* v. *Heney*, 40 Minn. 145, (41 N. W. 411.)

We are of the opinion that the demurrer should have been sustained. The village brought the suit in its mere trust capacity, and, if it recovers the sum sued for, can make no use of it, but pay it to the beneficiary, the construction company. The fact that in its individual capacity the plaintiff has funds in its hands which it might have applied to the payment of this claim makes no difference; it still has a right to act in its trust capacity to compel Norton to perform his contract with the beneficiaries of that trust. Not it, but Norton, agreed to pay these beneficiaries, and, besides, it has a right, under its contract, to hold these funds until Norton has performed his contract, as well where it is for the benefit of such third parties as where it is for the benefit of the plaintiff itself.

The answer does not state facts sufficient to constitute a defense. Order reversed.

BUCK, J., absent, took no part.

(Opinion published 58 N. W. 829.)