Doll v. Crume.

LEOPOLD DOLL ET AL. V. CHARLES CRUME.

FILED JUNE 27, 1894.   No. 5663.

1. **Contracts:** CONSIDERATION: MUNICIPAL CORPORATIONS. The
   awarding of a contract by a municipal corporation for an im-
   provement for it is a sufficient consideration to support the
   promise of a contractor, made to the corporation, to pay for all
   labor and material furnished him in executing said contract.

2. **Municipal Corporations:** AUTHORITY TO REQUIRE CON-
   TRACTOR TO GIVE BOND TO PAY FOR LABOR AND MATERI-
   ALS. Neither an express statute of the state nor an ordinance
   of a municipal corporation is necessary to its authority to re-
   quire of its contractor a bond to pay for all labor and material
   furnished him in the execution of his contract with such cor-
   poration.

3. ———: ———. *Sample v. Hale*, 34 Neb., 220, and *Lyman v. City
   of Lincoln*, 38 Neb., 794, followed and reaffirmed.

4. **Actions:** PROMISE FOR BENEFIT OF THIRD PERSON. Where
   one person makes a promise to another for the benefit of a third
   person, such third person can maintain an action upon the prom-
   ise, although the consideration does not move directly from
   him. *Shamp v. Meyer*, 20 Neb., 223, and *Barnett v. Pratt*, 37
   Neb., 349, followed and reaffirmed.

5. **Bonds:** PRINCIPAL AND SURETY: CONTRACTS WITH MUNICI-
   PAL CORPORATIONS: ESTOPPEL. The city of South Omaha let
   a contract for grading its streets to one Davis. McGavock and
   Doll signed the contract as sureties for Davis. The contract
   provided that Davis should be paid forty-five per cent of the es-
   timated cost of the work when two-thirds of it was completed;
   that Davis would complete the work in one hundred and eighty
   days; that he would pay for all labor and material furnished
   him in executing his contract; that "said parties of the third
   part [McGavock and Doll] hereby guaranty that the said party
   of the second part [Davis] will well and truly perform the cove-
   nant hereinbefore contained to pay all laborers employed on
   said work; and if said laborers are not paid in full by said
   party of the second part, that said third party hereby agrees to
   pay for said labor, or any part thereof, which shall not be paid
   by said second party within ten days after the money for said
   labor becomes due and payable." On completion of two-thirds

of the work the city paid Davis ninety per cent of the estimated cost thereof. The city granted Davis an extension of time for the completion of his contract beyond the time fixed therein. One Crume sued McGavock and Doll for the value of labor he had performed for Davis under his contract with the city. *Held*, (1) That the contract between the city and Davis and his sureties, and the promises and liabilities of the latter thereon, were of a dual nature,—a promise to the city that Davis should perform the work in the time and manner he had agreed, and a promise, in effect, to Crume to pay him for the labor he should perform for Davis; (2) that the city's overpaying Davis and extending the time of performance of his contract did not release the sureties from their contract to pay Davis' laborers; (3) that if the city had precluded itself from calling on the sureties to make good to it any default of Davis, its acts did not estop the laborers of Davis from enforcing against the sureties their contracts and promises.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

*Guy R. C. Read* and *Francis A. Brogan*, for plaintiffs in error.

*George A. Magney, contra.*

RAGAN, C.

On the 28th day of January, 1890, one Oliver Davis entered into a contract with the city of South Omaha to grade certain of its streets. By the terms of this contract Davis was to have the work completed in one hundred and eighty days from the date of the contract. He promised not to assign the contract nor sublet the work. The city, on its part, agreed to pay him for the work certain of its warrants drawn on certain funds. Davis was first to grade L street, and when that was completed was to have forty-five per cent of the estimated cost of grading that street; and when two-thirds of all the work was completed he was to have another estimate of forty-five per cent of the cost of the work completed. This contract between Davis and

the city was also signed by Leopold Doll and Alexander McGavock and they signed as sureties for Davis. The work was not completed in one hundred and eighty days. The city, instead of making payments to him of forty-five per cent of the cost of the work done, paid him ninety per cent of the estimated cost of such work. On the 31st day of May, 1890, Davis assigned all his interest in the contract to a bank, and on September 8, 1890, the city granted to Davis a further time in which to complete the work under the contract. The contract contained two provisions, as follows:

"The second party [Davis] further agrees that he will pay all laborers and material-men on the work embraced in this contract."

"Said parties of the third part [Doll and McGavock] hereby guaranty that the said party of the second part [Davis] will well and truly perform the covenant hereinbefore contained to pay all laborers employed on said work; and if said laborers are not paid in full by said party of the second part, that said party of the third part hereby agrees to pay for said labor, or any part thereof, which shall not be paid by said second party within ten days after the money for such labor becomes due and payable; and this provision shall entitle any and all laborers performing labor on the improvements to be done under this contract to sue and recover from said third parties, or either of them, the amount due and unpaid to them, or either of them, by said second party; but said third party shall not be liable on this guaranty on account of said labor beyond $15,000, the estimated cost of the labor on said work."

One Charles Crume sued Leopold Doll and Alexander McGavock on this contract, in the district court of Douglas county, for labor which he had performed for Davis under his contract with the city of South Omaha. Crume had a verdict and judgment and Doll and McGavock bring the case here for review.

46

1. The first argument relied on here for a reversal of this judgment is that the city of South Omaha had no authority or capacity to exact from the contractor or his sureties a condition that they pay the claims of laborers. This question was before this court in *Sample v. Hale*, 34 Neb., 220, and decided adversely to the contention of the plaintiffs in error. In that case the board of public lands and buildings of the state of Nebraska had awarded a contract for the erection of a public building to one John Layne. Layne promised in his contract with the state board that he would pay for all labor and material furnished him in the erection of the building. To secure the performance of Layne's contract he, as principal, and one Hale and one Sweet, as sureties, executed a bond to the state of Nebraska. Sample furnished Layne certain material which he used in the construction of the building contracted for with the state. The material not having been paid for, Sample sued Hale and the sureties on his bond for the value of the material. The defense in the district court was that the said board had no right to insert in the contract the provision requiring Layne to pay for labor and material furnished him. This defense was sustained by the district court and Sample brought the case to this court on error, where the judgment of the district court was reversed and the defense set up in the district court overruled. The opinion was written by Maxwell, C. J., and in the syllabus of the case it is said: "The state, when constructing a public building, is chargeable with the moral duty to protect the persons who furnish labor and material for the erection of the building as far as possible. Therefore, the provision in a contract for the erection of such building by which the contractor 'agrees to pay off and settle in full with the parties entitled thereto all accounts and claims that may become due by reason of laborers' and mechanics' wages, or for materials furnished or services rendered, so that each and all persons may re-

ceive his and their just dues in that behalf,' is not in excess of the powers of the board of public lands and buildings, and the sureties on the contractor's bond for the faithful performance of the contract will be liable for debts arising under the above provision." The question was again before this court in *Lyman v. City of Lincoln*, 38 Neb., 794. In that case the city of Lincoln had awarded a contract for the erection of an engine house to Layne & Sweet. The contract contained a provision that they would pay for all labor and material furnished them in the construction of the engine house. They gave a bond to the city to faithfully perform their agreement. Lyman furnished Layne & Sweet certain material which they used in the construction of the engine house and failed to pay for. He then sued Layne & Sweet and their sureties on the bond they had given to the city for the balance remaining due him from Layne & Sweet for the material he had furnished them. The sureties demurred to this petition and the district court sustained the demurrer. Lyman prosecuted a petition in error to this court, and it was held that the awarding of the contract by the city to Layne & Sweet was a sufficient consideration to support their promise to pay for the labor and material furnished them in the performance of said contract; and that the existence of an express statute or ordinance of the city of Lincoln was not necessary to the authority of the city to require of Layne & Sweet a bond to pay their material-men and laborers. We think these cases state the rule correctly and we adhere to them.

2. The next argument is that Crume cannot maintain this action; that, as the bond runs to the city of South Omaha, it, and it alone, can sue thereon. This question was before this court in *Shamp v. Meyer*, 20 Neb., 223, where it was held that "where one makes a promise to another for the benefit of a third person, such third person can maintain an action upon the promise, though the

consideration does nòt move directly from him." In *Sample v. Hale, supra,* this case was reaffirmed. This question was again before this court in *Barnett v. Pratt,* 37 Neb., 349, and the doctrine of *Shamp v. Meyer, supra,* was again adhered to, and, in addition, the court held that a promise made by one to another for the benefit of a third party and omitted from a written contract, might be proved by parol where the promisee was induced to execute the writing on the faith of the oral promise.

3. The third argument of the plaintiffs in error is that as they are sureties of Davis for the performance of his contract with the city, they have been released and are not liable on said contract by reason of the fact of the city's paying Davis ninety per cent instead of forty-five per cent of the estimated cost of the work performed by him, and by reason of the extension by the city of the time allowed Davis for completing his work under the contract. To sustain this contention we are cited by counsel for the plaintiffs in error to *Brennan v. Clark,* 29 Neb., 385, *Dorsey v. McGee,* 30 Neb., 657, and *Bell v. Paul,* 35 Neb., 240. None of these cases are in point. These are all cases in which the owner sued the contractor and his sureties for the contractor's failure to perform his contract with the owner. If this was a suit by the city of South Omaha against Davis and his sureties for some default of Davis in the manner or time of performing the work for the city, then the acts of the city in extending the time to Davis in which to perform his contract, and in overpaying him on the work performed, might be a defense to the plaintiffs in error; but this is not a suit by the city. The contract entered into by Davis as principal, and the plaintiffs in error as sureties, was dual in its nature. By this contract Davis promised the city that he would do a certain work in a certain manner at a certain time, and the plaintiffs in error guarantied to the city that Davis would perform his promises; and by the contract made with the city, Davis

and plaintiffs in error, in effect, also promised Crume that they would pay him, Crume, for any labor which he might perform for Davis in carrying out his contract with the city.   The case then stands precisely as if Davis and the plaintiffs in error had made the written promise directly to Crume instead of to the city.   Now, how can it be said that any act of the city in overpaying Davis or extending the time in which he might perform his contract with the city release Davis and the plaintiffs in error from their contract made with Crume?   It may be that the city, by its actions, has precluded itself from recovering from the plaintiffs in error for any default of Davis in the premises, but it by no means follows that the city's action estops Crume.   Suppose that Davis had borrowed one hundred dollars for ninety days from a bank, and given his note therefor, which note had been signed by the plaintiffs in error as sureties.   Now if the bank, without the knowledge of the plaintiffs in error, had extended the time of the payment of this note, then such extension would have released the sureties from liability thereon; but in the case supposed, if at the time Davis borrowed the money plaintiffs in error had promised the bank that, in consideration of its lending the money to Davis, they would pay a debt of $10 which he owed to C., then any agreement between Davis and the bank for an extension of the time of payment of the note would not affect C.   There is no difference in principle in the case at bar and the one supposed.   Here Davis and his sureties promise the city that Davis will do certain things for it, and they also promise the city that Davis will pay certain debts to third parties, the consideration for both promises being the letting of the contract by the city to Davis.   In other words, there were two contracts with one consideration to support both.   There is no error in the record and the judgment of the district court is

AFFIRMED.