BARRITT S. KING & COMPANY ET AL. V. M. T. MURPHY ET AL.

FILED NOVEMBER 18, 1896. No. 6823.

1. **Review:** INCOMPETENT EVIDENCE. The admission of incompetent testimony is not sufficient ground for reversal in a case tried to the court without a jury.

2. **Builders' Bonds:** LIABILITY OF SURETIES. The bond of a building contractor to pay for all labor performed and materials furnished under a contract with a county renders the sureties liable to a subcontractor for materials furnished.

3. ———: ———. A surety on a contractor's bond is not relieved from liability for the payment of claims for material-men because the contractor was paid at an earlier date than fixed by the contract.

4. **Review:** CONFLICTING EVIDENCE. A judgment rendered upon conflicting evidence will not be disturbed by the supreme court.

ERROR from the district court of Gage county. Tried below before BUSH, J.

*Hugh J. Dobbs*, for plaintiffs in error.

*Byron G. Burbank*, *L. M. Pemberton*, and *F. M. Davis*, contra.

NORVAL, J.

M. T. Murphy, on the 29th day of March, 1890, entered into a written contract with Gage county for the construction of a court house, according to the plans and specifications furnished by Gum & Curtis, architects. By the terms of the contract Murphy was to furnish all the materials and perform all the labor for the erection of the building. For the faithful performance of the contract he gave a bond to the county in the sum of $20,000, signed by himself as principal; and the names of Gottlieb Storz, Henry P. Drexel, and Albert Foll were attached thereto as sureties. The bond, among other things, contained a stipulation that Murphy should pay for all labor and materials furnished in the construction of the court house. The contractor, Murphy, having failed to pay Barritt S. King & Co., and Bishop C. Beed for certain materials purchased from them and used in the erection of said building, they brought an action against the principal and sureties upon said bond. The defendants Murphy, Storz, and Foll did not answer. Drexel for answer denied all the allegations contained in the petition and alleged he did not sign, execute, or deliver said bond, and that his

name attached thereto was a forgery. Ellis, who was also one of the sureties upon the bond, set up in his answer an alteration or change in said contract between Murphy and the county, whereby he claims to be released as surety on the bond. Plaintiffs replied by a general denial. Upon the issues joined, a trial was had to the court, which resulted in a judgment in favor of the plaintiffs for the amount claimed in the petition against the non-answering defendants, and the cause of action was dismissed as to Drexel and Ellis. For the purpose of reversing the judgment of dismissal plaintiffs prosecute error to this court.

By the terms of the contract payments were to be made by the county to the contractor upon monthly estimates furnished by the architects, less fifteen per cent of the amount of such estimates, which was to be retained and not to become due and payable until the expiration·of sixty days from the completion and acceptance of the building by the county and the architects, and then to be due and payable only in the event that there should be no lien and incumbrances upon the property for labor performed or materials furnished by or through the contractor. The defendant Ellis upon the trial introduced in evidence, over the objection of the plaintiffs, the record of the county board of Gage county for the purpose of showing the waiver by the county of the right to retain the reserve fifteen per cent of the contract price. At the close of the testimony plaintiff asked that said testimony be stricken out, which motion was overruled by the court. These rulings are complained of here. Even though the testimony mentioned above was improperly received, its admission was not reversible error, since the cause was tried to the court without a jury. (*Viergutz v. Aultman*, 46 Neb., 141; *Pollock v. Whipple*, 45 Neb., 844, and cases there cited.) It follows that the refusal to eliminate the objectionable testimony from the record was, likewise, not reversible error. It is the settled law of this state that the sureties on a contractor's bond, like the one under

consideration, are liable to a subcontractor for materials furnished to the principal. (*Sample v. Hale*, 34 Neb., 220; *Habig v. Lane*, 38 Neb., 743; *Lyman v. City of Lincoln*, 38 Neb., 794; *Doll v. Crume*, 41 Neb., 655; *Korsmeyer Plumbing & Heating Co. v. McClay*, 43 Neb., 649; *Kaufmann v. Cooper*, 46 Neb., 644; *Hickman v. Lane*, 47 Neb., 177; *Fitzgerald v. McClay*, 47 Neb., 816.)

It remains to be determined whether the affirmative defenses interposed by Ellis and Drexel were sufficient to defeat the action as to either of them. The defense of Ellis, as already adverted to, consisted in the county waiving the provision in the contract relative to the retention of the fifteen per cent until sixty days after the completion of the work, and paying the same over before the expiration of that time. The precise point has been adjudicated by this court, and determined adversely to the validity of such defense. (*Doll v. Crume*, 41 Neb., 655; *Kaufmann v. Cooper*, 46 Neb., 644.) The first case was an action upon a contractor's bond given to the city of South Omaha, conditioned similarly to the one in the case at bar. The city extended the time for the completion of the improvement and paid the contractor ninety per cent of the estimated cost of the work at the time, when under the contract he was entitled to but forty-five per cent. It was held that the sureties were not released. This case was followed in *Kaufmann v. Cooper, supra*. The principle underlying these decisions is sound and will be adhered to. It follows that the court erred in releasing Ellis, and the judgment in his favor must be reversed.

The defense of Drexel that his name was forged to the bond in question finds support in the evidence. He testified positively that he did not sign the bond, that it was never presented to him for execution, and that as soon as he ascertained that his name was attached to the instrument, he caused the county board of Gage county to be notified that it was a forgery. Drexel's genuine signatures, written in the presence of the trial court, were placed in evidence. Besides Edward C. Smith, S. B.

47

Henry, and B. G. Burbank each testified on the trial that
he was familiar with the handwriting of the defendant,
Drexel, had frequently seen him write his name and that
the signature of "Henry Drexel" upon the bond was not
the genuine signature of the defendant.    Opposed to the
foregoing is the testimony of M. T. Murphy and Albert
Foll, which was not of a convincing character.    The clear
preponderance of the evidence is to the effect that the de-
fendant Drexel did not sign the bond.    The judgment as
to him is affirmed, and the judgment in favor of Ellis is
reversed and the cause remanded.

JUDGMENT ACCORDINGLY.