UNITED STATES, to Use of PHŒNIX IRON CO., v. CALIFORNIA BRIDGE & CONSTRUCTION CO. et al.

(Circuit Court, E. D. Pennsylvania.   March 28, 1907.)

No. 14.

1. COURTS—JURISDICTION OF FEDERAL COURTS—ACTION AGAINST SURETY COMPANY.

Conceding that a surety company which has furnished a bond for a contractor for government work is given the privilege of being sued thereon only in the district in which the bond was made, or in that where it has its principal office, by Act Aug. 13, 1894, c. 282, § 5, 28 Stat. 280 [U. S. Comp. St. 1901, p. 2316], which provides that it may be sued in the federal courts in either of such districts, yet a company waived such privilege where it entered appearance, pleaded to the merits, and took depositions before moving to dismiss.

2. UNITED STATES—BOND OF CONTRACTOR FOR PUBLIC WORK—LIABILITY OF SURETY.

A bond given by a contractor for government work, conditioned as provided by Act Aug. 13, 1894, c. 282, 28 Stat. 279 [U. S. Comp. St. 1901, p. 2315], is in effect two separate instruments; one securing performance of the contract to the United States, and the other the payment by the contractor of bills for labor and materials furnished, and in the latter aspect

the surety is not discharged from liability by a variation of the contract which might relieve it from liability to the United States, as by a change in the site of a building.

**At Law.** On motion to dismiss for want of jurisdiction, motion for new trial, and motion for judgment for American Surety Company notwithstanding the verdict.

Harris S. Sparhawk, Samuel Scoville, Jr., and Charles H. Edmunds, for Phœnix Iron Co.

Dickson, McCouch & Glasgow, for American Surety Co.

J. B. McPHERSON, District Judge. This is a suit brought to the use of the Phœnix Iron Company upon a contractor's bond given under Act Cong. Aug. 13, 1894, c. 280, 28 Stat. 278; 2 Supp. Rev. St. p. 236 [U. S. Comp. St. 1901, p. 2523]. The American Surety Company is the only defendant that was served, and the trial resulted in a verdict in favor of the use plaintiff. A motion to dismiss the suit for want of jurisdiction was made on November 19, 1906, three days after the trial. This was the renewal of a similar motion that was made on May 17, 1905, and denied in the following August. Both motions depend upon these facts: The California Bridge Company is a corporation organized under the laws of the state of California, and was a resident of the Northern district of that state at the time when the contract in question was entered into. The American Surety Company is a corporation of the state of New York, and has now, and has always had, its principal office in that state. This suit was begun in the common pleas court of Philadelphia county within the territorial area of the Eastern district of Pennsylvania, and service was made upon an agent of the surety company, who had been duly appointed for that purpose in obedience to the laws of the state of Pennsylvania. The case was afterwards removed to the Circuit Court, and these motions to dismiss were subsequently made.

What effect would have been given to a motion to dismiss, if it had been seasonably made, need not be declared, in view of the following additional facts, all of which appear on the record: The suit having been originally brought in the common pleas of Philadelphia county on September 17, 1900, a general appearance for the surety company was entered shortly afterward by R. C. Dale, and at his instance the case was removed to the Circuit Court in February, 1901. Mr. Dale's name was duly entered on the docket of the Circuit Court as counsel for the surety company, and on March 27, 1901, he filed an affidavit of defense to the merits of the plaintiff's claim. On March 12, 1902, he put the case at issue by pleading non assumpsit, and on October 25, 1902, depositions on behalf of the surety company, to be used at the trial, were filed in the office of the clerk. In February, 1905, Mr. Dale having died meanwhile, the present counsel for the surety company entered a general appearance for his client, and on May 17, 1905, made the first motion to dismiss for want of jurisdiction; the second motion, which is now pending, having been made a few days after the trial. Under these facts, I think it is clear that, if section 5 of the Act of August 13, 1894, c. 282, 28 Stat. 280 [U. S.

Comp. St. 1901, p. 2316], gives to the surety company the exclusive privilege of being sued either in the district in which the bond was made or guarantied, or in the district in which its principal office is located—that is to say, either in California or New York—the privilege was waived by the entry of general appearances, the filing of an affidavit of defense upon the merits, the taking of depositions in preparation for trial, and the filing of a general issue plea, before the motion to dismiss was made. This is the ground on which the first motion to dismiss was denied, and I have seen no reason to change my opinion since that decision was made. The pending motion to dismiss is therefore refused. I do not wish to be understood as assenting to the proposition that section 5 of the act of 1894 is to be construed as the surety company contends. That proposition will be considered when its decision is properly involved. The ruling now is that, if its correctness be assumed, the company's privilege was waived.

The motions for a new trial, and for judgment notwithstanding the verdict, must also be dismissed. Both are based upon the averment that the contract, as originally entered into by the bridge company, the principal contractor, contemplated the erection of a building upon a particular site; and therefore that, as this site was afterwards changed by the government, the contract was thereby so materially varied as to discharge the surety. The contention overlooks the fact, I think, that a suit such as this is not governed by the ordinary rules that are applicable to a surety's obligation. Under these rules he may sometimes escape the payment of what is justly and equitably due, because his contract has been so varied as to enable him to set up successfully a legal defense to the action; but the present suit is peculiar in its nature, because it is founded upon the act of 1894, to which reference has already been made in the first sentence of this opinion. The bond given under that statute is in effect two separate instruments; one given to the United States to insure the faithful performance by the contractor of his obligations to the government, and the other given to the United States as a merely nominal plaintiff for the purpose of insuring the faithful discharge of the contractor's obligations to his subcontractors. It is "the usual penal bond with good and sufficient sureties" that is given to the United States; but to this undertaking is added "the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract." This is an agreement as distinct as if it were contained in a separate instrument, and it is this agreement which the bridge company violated, and the surety company is now asked to make good. That the Phœnix Iron Company did supply the contractor with materials for the prosecution of the work provided for in the contract cannot be denied. These materials were shipped to, and were received by, the contractor, and were inspected and accepted by the government. They were also paid for by the government, and were afterwards used in the building that was erected upon the second site by another contractor. In my opinion, these facts establish, beyond question, the surety's liability. It is,

perhaps, a doubtful question whether the change of site was a variation of the agreement. The bridge company's undertaking was to do certain work at "the United States navy yard, Mare Island, Cal."; no particular site being pointed out in the contract or in the specifications, and both sites being within the descriptive words just quoted. But, assuming that the change of site varied the agreement so that the government thereby lost the protection of the surety's obligation, it does not follow that the protection of the separate and additional obligation was also lost, so far as the Phœnix Iron Company is concerned. This additional obligation has not been varied in any respect with the consent or acquiescence of the iron company. This company has fulfilled its subcontract to furnish material for the prosecution of the work, and, in my opinion, the surety has not even a technical defense to the claim. The point has been squarely decided by the Circuit Court of Appeals for the Eighth Circuit, in United States, for Use, etc., v. National Surety Co., 92 Fed. 549, 34 C. C. A. 526, and I refer to the opinion of the court, delivered by Judge Thayer, as a thoroughly satisfactory discussion of the question now under consideration.

To the refusal of judgment notwithstanding the verdict and to the refusal to dismiss, an exception is sealed to the surety company.