DES MOINES BRIDGE & IRON WORKS, APPELLEE, V. MARXEN & ROKAHR ET AL., APPELLANTS.

FILED OCTOBER 22, 1910. No. 16,157.

1. **Counties: BUILDING CONTRACT: LIABILITY ON BOND.** A board of supervisors in contracting for the construction of a courthouse may lawfully require the contractor to pay for the material used in the erection of said building, and a bond executed to secure the faithful performance of that contract inures to the benefit of a materialman.

2. ———: ———: ———. In such a case the materialman will not be prejudiced by the failure of the supervisors to require the contractor to produce receipts signed by the materialmen and laborers before paying the contractor for constructing the building.

3. ———: CONTRACTOR'S BOND: APPROVAL. If the bondsman in his answer admits the execution and delivery of the bond, the materialman need not prove that the board of supervisors formally approved it.

4. **Appeal: Estoppel.** While it is the duty of the clerk of the district court in entering a judgment against two persons, one of whom is the principal debtor and the other a surety, to certify to those facts, yet if judgment is entered in strict conformity to a suggestion made to the court by the surety, it will not be heard to complain on appeal to this court concerning the form of the judgment.

APPEAL from the district court for Seward county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*Thomas F. Lee, L. H. McKillip, Alfred G. Ellick, Benjamin S. Baker* and *A. L. Preston,* for appellants.

*Howard J. Clark, contra.*

ROOT, J.

This is an action prosecuted by a subcontractor upon an undertaking executed by a contractor and his bondsman. The plaintiff prevailed, and the defendants appeal.

The defendants Marxen & Rokahr, in a contract with Seward county, agreed to furnish the material, machinery, appliances and labor necessary for the construction of, and to construct, equip and fully build, a courthouse according to plans and specifications attached to said contract and made a part thereof. The contract provided that Marxen & Rokahr should furnish to the supervising architect of the courthouse and to the county, before progress certificates should be issued by the architect or partial payments be made for the work as it progressed, a receipt in full to that date from the parties who had furnished material for said building, and from all mechanics and laborers for work and labor performed upon the structure. It is also provided in the contract: "Before final settlement, or at any time the proprietor may demand, the contractor must settle all accounts for material delivered or work performed, as per his respective agreements for such material or labor, before further progress certificates are granted or payments of money

are made on the contract." At the time the contract was made the defendants Marxen & Rokahr and the Title Guaranty & Trust Company executed to Seward county a bond in the sum of $30,000 conditioned: "That if the said Marxen & Rokahr shall well and truly keep and perform all the conditions of this contract on their part to be kept and performed, and shall indemnify and make payment and save the said Seward county harmless as therein stipulated, then this obligation shall be of no effect," etc. The plaintiff furnished Marxen & Rokahr material that was used in the construction of the courthouse. Marxen & Rokahr failed to pay a large part of the plaintiff's claim, and the board of supervisors by resolution called upon them to pay the plaintiff's bill and any other valid unpaid claims on account of the construction of the courthouse.

The defendant the Title Guaranty & Trust Company contends there is no proof that the bond was approved by the board of supervisors of Seward county, and for that reason the undertaking did not become a valid obligation. In so far as the plaintiff is concerned, the bond is a common law obligation, and a formal approval is not necessary for the purposes of this action. The trust company admits in its answer that the bond was executed and delivered, and its argument is not well taken.

In exhaustive, well-reasoned arguments in the briefs and at the bar, the defendants contend that since the plaintiff is not named in the undertaking, and the contracting parties did not know when the bond was executed, that the Des Moines Bridge & Iron Works would furnish any material to Marxen & Rokahr, and because the county of Seward, the obligee in the bond, is under no legal or equitable obligation to the plaintiff or to any other materialman or subcontractor, this action cannot be maintained, but that the undertaking should be construed merely as a statutory bond for the protection of laborers and mechanics. It may be conceded that many authorities sustain the argument advanced, but an opposite conclusion was announced by this court in *Sample & Son v.*

*Hale,* 34 Neb. 220; *Lyman v. City of Lincoln,* 38 Neb. 794; *Doll v. Crume,* 41 Neb. 655; *Kaufmann v. Cooper,* 46 Neb. 644; *Korsmeyer Plumbing & Heating Co. v. McClay,* 43 Neb. 649; and *Morton v. Harvey,* 57 Neb. 304. The controlling facts in *Lyman v. City of Lincoln, supra,* are parallel with the facts in the instant case. Counsel suggest that the argument made by them in the case at bar was not presented to this court in the cases just cited. While the opinions may not advise the reader that the court received the benefit of an argument along the lines pursued by defendants' counsel in the instant case, the briefs filed in *Doll v. Crume, supra,* show that such an argument was made with great force and learning. It is apparent, therefore, that the court was duly advised concerning the principles now contended for by defendants' counsel.

It is better that the law with respect to contracts should be certain than that it should in all particulars conform to the views of the courts of some of our sister states. The defendants in the case at bar must have contracted with reference to the law as announced in the cited cases, and the defendant bonding company must have known that it was assuming an obligation to pay the subcontractors and materialmen as well as the laborers and mechanics engaged in constructing the courthouse referred to. The plaintiff in contracting to furnish material for the courthouse also had a right to rely upon the law repeatedly stated by this court, and should not be deprived of the defendants' obligation to pay for that material because a like bond could not be enforced in the state of New York. We are not convinced that we should overrule a long line of our decisions, and shall not do so in the instant case. *City of Wahoo v. Nethaway,* 73 Neb. 54.

Counsel for the defendants argue that the principle they are contending for was recognized in the opinion of Judge HOLCOMB in *Frerking v. Thomas,* 64 Neb. 193. It is true that the New York cases were referred to with approval in *Frerking v. Thomas, supra,* but that case does not in-

volve a contract like the one considered in the instant case or those construed in *Sample & Son v. Hale* and *Lyman v. City of Lincoln, supra;* nor was there any intention on our part in accepting Judge HOLCOMB'S opinion to discredit the law announced in the cited cases.

The defendant bond company's undertaking was given for the benefit of the materialmen who might furnish materials for the construction of the courthouse, as well as for the protection of the laborers and mechanics who should work upon that building. The bond company contends that it should be released from all liability because the county did not require Marxen & Rokahr to produce receipts showing that the materialmen and laborers had been paid for material furnished and for services performed, and alleges that payments were made in excess of the 85 per cent. provided for in the contract. The plaintiff had no control over the board of supervisors, and the conduct of that board will not prejudice the plaintiff's right to sue the bond. *Doll v. Crume,* 41 Neb. 655; *Getchell & Martin Lumber & Mfg. Co. v. Peterson & Sampson,* 124 Ia. 599; *People v. Banhagel,* 151 Mich. 40.

Finally, the bond company urges that it is a surety for Marxen & Rokahr, and that the clerk should have so certified upon the judgment record conformable to section 511 of the code. The judgment first entered was joint and several against all of the defendants. The bond company subsequently moved the court to modify the judgment, and in its motion set out the form of journal entry it desired the clerk of the court to make. The court sustained the motion, and the record was modified according to the suggestions made by said defendant. We think, under the circumstances, the bond company should not be heard to complain. *Drexel v. Pusey,* 57 Neb. 30.

There is no conflict in the evidence concerning the amount due the plaintiff from Marxen & Rokahr on account of the material furnished for the Seward county courthouse. The trial judge followed the law as announced years since by this court. There is no error in

the record prejudicial to the defendants, and the judgment of the district court is

AFFIRMED.

REESE, C. J., not sitting.