AETNA INDEMNITY COMPANY OF HARTFORD, CONNECTICUT, *v.* INDIANAPOLIS MORTAR AND FUEL COMPANY ET AL.

[No. 21,786.   Filed June 6, 1912.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.—Contracts.— Bonds.*—Contracts with a city for the construction of public improvements and the bonds given to secure the performance of the contracts must be construed together.   p. 72.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.—Contractor to Pay for Materials.—Bonds.—Persons Secured.—Actions.*— Where a contract for a public improvement provides that the contractor shall pay for all materials used, a bond given to secure the performance of the contract inures to the benefit of those furnishing the materials, and they may maintain an action thereon in their own names.   p. 72.

3. MUNICIPAL CORPORATIONS.—*Public Improvements.—Contracts.— Bonds.—Action by Material Men.*—Bonds, given to secure the performance of public improvement contracts providing that the contractor shall pay for all materials used, are dual in their nature, and the right of action thereon by the materialmen is not affected by any act or omission of the city.   p. 73.

4. MUNICIPAL CORPORATIONS.—*Public Improvements.—Contracts.— Bond.—Action by Materialmen.—Necessity of Notice That Materials Were Furnished.*—To enable materialmen to maintain an action on a bond, given to secure the performance of a public improvement contract providing that the contractor shall pay for all materials used, it is not necessary that notice be given to the surety on the bond, or to the city, that the materials were furnished and that the contractor had failed to pay for same, where neither the statute, bond nor contract provide that such notice shall be given.   p. 74.

5. MUNICIPAL CORPORATIONS.—*Public Improvements.—Acceptance of Work.—Nonpayment of Materials.—Release of Surety.—Action by Materialmen.*—Although the specifications, which were a part of the contract for a public improvement, provided that "before final acceptance of the work, the contractor shall submit satisfactory evidence to the board that all bills for materials and labor have been paid," the failure of the board of works to require such evidence to be submitted does not release the surety on the contractor's bond in an action on the bond to recover for materials furnished.   p. 74.

MAY TERM, 1912.    71

Aetna Indemnity Co. v. Indianapolis, etc., Fuel Co.—178 Ind. 70.

6.  MUNICIPAL CORPORATIONS. — *Public Improvements.* — *Specifications.* — *Contracts.* — *Bond.* — *Inconsistency of Provisions.* — *Construction.* — Any inconsistency between the provisions of the specifications for a public improvement and the contract or bond, will be resolved in favor of the provisions of the contract and bond, as being the last expression of the parties as to their rights and obligations, so that, although the specifications provide that the bond shall be null and void on the final acceptance of the work, and are silent as to the requirement that the contractor shall pay for materials furnished, where the contract provides that the contractor shall pay for such materials and the bond is conditioned for the performance of the contract, the surety on the bond will be held responsible in an action brought after the final acceptance of the work for the price of material furnished. p. 76.

From Marion Circuit Court; *Charles Remster,* Judge.

Action by the Indianapolis Mortar and Fuel Company against Thomas J. Markey and Company, and the Aetna Indemnity Company of Hartford, Connecticut. From a judgment for plaintiff, the defendant Aetna Indemnity Company of Hartford, Connecticut, appeals. *Affirmed.*

*W. H. H. Miller, C. C. Shirley, Samuel D. Miller* and *W. H. Thompson,* for appellant.

*Ryan & Ruckelshaus, Groninger & Groninger,* for appellee.

MONKS, J.—This action was brought by appellee, Indianapolis Mortar and Fuel Company, against Thomas J. Markey & Co., as principal, and appellant, as surety, on bonds given to secure the performance of certain contracts between the city of Indianapolis and said Thomas J. Markey & Co. for the construction of various sewers in said city. Appellant filed a separate answer in seven paragraphs. Said appellee's demurrer for want of facts to the third, fourth, fifth and sixth paragraphs of said answer was sustained. A trial of said cause by the court resulted in a finding in favor of appellee, and over a motion for a new trial judgment was rendered against appellant. The errors assigned and not

waived call in question the action of the court in sustaining the demurrer to the third, fourth, fifth and sixth paragraphs of appellant's separate answer.

It is said in appellant's brief that "the several assignments of error in this case present but one question, and that is, whether upon the completion of the work or of the approval of the final assessment roll the liability of appellant upon its bond ceased and terminated." It appears from the record that the action was brought after the acceptance of the work and the completion of the assessment roll. Appellant claims that its liability terminated on the acceptance of the work or the approval of the assessment roll. If this contention of appellant is correct, the judgment must be reversed, if not, it must be affirmed.

1. There was a provision in the contracts that the contractor should pay for material furnished and labor performed in the construction of said sewers. The bonds sued on were given to secure the performance of said contracts. The contracts and bonds must be construed together. *Closson* v. *Billman* (1904), 161 Ind. 610, 614, 69 N. E. 449, and cases cited.

2. It is settled in this State, that a bond given to secure the performance of a contract for a public improvement, which provides, as in this case, that the contractor shall pay for all materials used in such improvement, inures to the benefit of those furnishing said materials who may maintain an action thereon in their own names. *Hines* v. *Consolidated Coal, etc., Co.* (1902), 29 Ind. App. 563, 64 N. E. 886; *Williams* v. *Markland* (1896), 15 Ind. App. 669, 44 N. E. 562; *Young* v. *Young* (1899), 21 Ind. App. 509, 514, 52 N. E. 776; *American Surety Co.* v. *Lauber* (1899), 22 Ind. App. 326, 329, 331, 53 N. E. 793; *Brown* v. *Markland* (1899), 22 Ind. App. 652, 53 N. E. 295; *King* v. *Downey* (1900), 24 Ind. App. 262, 56 N. E. 680; *Ochs* v. *M. J. Carnahan Co.* (1908), 42 Ind. App. 157, 76 N. E. 788, 80 N. E. 163; *Knight & Jillson Co.* v. *Castle* (1909), 172 Ind. 97, 103,

105, 87 N. E. 976, 27 L. R. A. (N. S.) 573, and cases cited; *Closson* v. *Billman, supra.*

The bonds sued on being given for the protection of materialmen and laborers, as well as for the protection of the city, were dual in their nature, and the right of action 3. of the materialmen is not affected by any act or omission of the city. *Dewey* v. *State, ex rel.* (1883), 91 Ind. 173; *Conn* v. *State, ex rel.* (1890), 125 Ind. 514, 25 N. E. 443; *United States Fidelity, etc., Co.* v. *American Blower Co.* (1908), 41 Ind. App. 620, 84 N. E. 555; *United States* v. *National Surety Co.* (1899), 92 Fed. 549, 34 C. C. A. 526; *United States, etc., Co..v. Omaha Bldg., etc., Co.* (1902), 116 Fed. 145, 53 C. C. A. 465; *Chaffee* v. *United States Fidelity, etc., Co.* (1904), 128 Fed. 918, 63 C. C. A. 644; *United States* v. *California Bridge, etc., Co.* (1907), 152 Fed. 559; *Getchell & Martin Lumber Co.* v. *Peterson & Sampson* (1904), 124 Iowa 599, 615, 100 N. W. 550; *School District, etc.,* v. *Livers* (1899), 147 Mo. 580, 49 S. W. 507; *Steffes* v. *Lemke* (1889), 40 Minn. 27, 41 N. W. 302; *City of Duluth* v. *Heney* (1890), 43 Minn. 155, 45 N. W. 7; *Village of West Duluth* v. *Norton* (1894), 57 Minn. 72, 58 N. W. 829; *Kaufmann* v. *Cooper* (1896), 46 Neb. 644, 65 N. W. 796, and cases cited; *Des Moines, etc., Iron Works* v. *Marxen & Rokahr* (1910), 87 Neb. 684, 128 N. W. 31; *King & Co.* v. *Murphy* (1896), 49 Neb. 670, 68 N. W. 1029; *Doll* v. *Crume* (1894), 41 Neb. 655, 59 N. W. 806; *Lyman* v. *City of Lincoln* (1894), 38 Neb. 794, 57 N. W. 531; *Griffith* v. *Rundle* (1900), 23 Wash. 453, 63 Pac. 199, 55 L. R. A. 381, 386, 390; *City of Philadelphia* v. *Stewart* (1902), 201 Pa. St. 526, 51 Atl. 348.

The board of public works of the city of Indianapolis was authorized to require the bond sued on by §8698 Burns 1908, Acts 1905 p. 219, §95, and as the bonds secured the claims of materialmen and laborers, the rule above stated applies. *United States Fidelity, etc., Co.* v. *American Blower Co., supra.*

Under the provisions of the bonds and contract sued on,

74 SUPREME COURT OF INDIANA,

Aetna Indemnity Co. *v.* Indianapolis, etc., Fuel Co.—178 Ind. 70.

the rights and liabilities of appellant and appellee are the same as those of the surety and materialmen to a bond executed under the provisions of §8959 Burns 1908, Acts 1905 p. 219, §265. There is nothing in the bonds, contracts or statute providing that appellee shall notify the surety on the bonds, or the city, that it had furnished material used in said work, and of the failure of the contractor to pay for the same, and that it had a claim therefor before the completion of the work or before the final acceptance of the work by the city, and to enable appellee to recover in this action it was not necessary that such notice be given.

While §19 of the specifications for said work, which, with all other specifications for said work, is referred to in the contracts and made a part thereof, provides that "before final acceptance of the work, the contractor shall submit satisfactory evidence to the board that all bills for materials and labor have been paid," it is evident from what we have said and the cases above cited that the failure of the board of works to require the contractor to "submit satisfactory evidence that all bills for material and labor have been paid" did not release appellant as surety on the bonds sued on.

The contention of appellant, that its liability on the bond terminated on the acceptance of the work or the approval of the assessment roll is based on the following provisions contained in the specifications for said work, which are referred to in the contract and made a part thereof: "46. Bond. Within five (5) days after the successful bidder shall have been notified of the acceptance of his bid he shall file with the Board of Public Works an approved bond in an amount not less than fifty (50) per cent of the estimated contract price, but in no case shall a bond be accepted for less than five hundred dollars ($500) conditioned to guarantee the full and complete performance of his work according to the terms of the contract; said bond to be in

full force and effect, up to and including the final acceptance of the work, or the approval of the final assessment roll, after which it will become null and void, subject to the following conditions, to wit: (a) In the case of asphalt, wooden block, bitulithic, standard macadam, bituminous macadam and brick pavements, before the contractor shall be released from his bond, he shall file with the city controller improvement bonds as provided by §38 of the general specifications. In case cement walks, gutters, curbs, and other appurtenances are constructed in connection with the contract for any of the above roadway pavements, the deposit of improvement bonds, designated for such roadway pavements, shall also be considered as a guarantee fund covering said cement walks, curbs and other appurtenances, and no bond as provided under (b) shall be required. (b) In the case of sewers, gravel streets, cement walks, gutters, curbs and appurtenances, before the contractor shall be released from his construction bond as provided above he shall file with the board of public works a bond in an amount not less than ten (10) per cent of the aggregate cost of the work, covering the entire guarantee period, and conditioned to guarantee the full and complete maintenance of the work during this period. (c) The bond shall in all cases continue in full force and effect for the purpose of fully indemnifying and reimbursing the city for any loss or expenditure resulting from any and all injuries to persons or property occurring on or in connection with or about the work or premises covered by the contract prior to the final acceptance of said work by the board of public works."

All of the bonds sued on contained the following: "The conditions of the above obligation are such, that if the above named party of the first part shall faithfully comply with the foregoing contract made and entered into this ——, ——, with the city of Indianapolis, Indiana, and shall fulfil all of the conditions and stipulations therein contained, according to the true intent and meaning thereof in all respects, then

this obligation to be void, otherwise to be and remain in full force and virtue in law; and in the event that said city shall extend the time for the completion of said work such extension shall not in any way release the sureties on this bond. This shall be a construction bond and the sureties to the same shall not be held responsible for the maintenance and repair of the pavement after it has been accepted by the second party, but such sureties shall be held responsible for the faithful compliance with all other conditions and restrictions set out in the contract.''

The provisions of said specification forty-six and of the bond seem to be inconsistent, because said specification provides that the bond is null and void on the final acceptance of the work or the approval of the final assessment roll, while the bond itself provides that ''the sureties shall not be held responsible for the maintenance and repair of the improvement after it has been accepted by the party of the second part, but such sureties shall be held responsible for the faithful compliance with all the other conditions and restrictions set out in the contract.''

It is evident that if there is any inconsistency between the provisions of the specifications and the bond, that the provisions of the bond ought to prevail, because it is 6. presumed that the plans and specifications were prepared first, and that the bond, which was executed after the specifications were prepared, contained the last expression of the parties as to their rights and liabilities. *Meyer* v. *Berlandi* (1893), 53 Minn. 59, 54 N. W. 937; *Boteler* v. *Roy* (1890), 40 Mo. App. 234; *Greene* v. *Day* (1872), 34 Iowa 328.

The provision in the bond, that ''this shall be a construction bond and the sureties to the same shall not be held responsible for the maintenance and repair of the pavement after it has been accepted by the second party, but such sureties shall be held responsible for the faithful compliance with all other conditions and restrictions set out in the con-

tract," when read and construed in connection with the other provisions of the bond, is unambiguous and is susceptible of but one construction, namely, that the sureties are liable on the bond for the materials used in the construction of the improvement. It is clear that if there is any provision in the specifications inconsistent with the contract or bond, that the same would not control the plain language of the contract or bond thereafter executed. The specifications cover a great variety of things that would be required of the successful bidder, and refer to the manner of the execution of the work, and deal only with such matters as affect the city and the contractor. The specifications would not control the contract afterwards entered into if it should contain provisions not in the specifications, or exclude provisions therein mentioned. The provision in regard to the contractor paying for the materials and labor is contained in the contract proper, and it is not mentioned in the specifications. This provision in the contract, although not required by the specifications, is a binding and valid obligation, and is secured by the bond, and was placed there for the benefit of any one who furnished materials used in the improvement.

Construing the specifications in connection with the contract and bond, it is clear that the surety on the bond is responsible for the performance of the contract, and for any and all claims for labor and material used in the construction of the work before the final acceptance of the same. When the materialman delivered the materials, and they were used in the improvement, his right to recover on said bond vested and was independent of any right of action in favor of the city. The rights of the materialman and laborer were fixed in the contract and bond which were executed after the adoption of the specifications. As the specifications in noway referred to the obligation of the contractor to pay for materials and labor, it is evident that the provision in §46, that the bond should be "null and

void on the acceptance of the work or the approval of the final assessment," refers to and applies only to the city and not to the materialmen and laborers.

This view is sustained by the fact that the board of works by subdivision (c) of §46 of the specifications provided that the construction bond continued in force to indemnify and reimburse "the city for any loss or expenditure resulting from any and all injuries to persons or property occurring on or in connection with or about the work or premises covered by the contract prior to the final acceptance of said work by the board of public works," but made no provision to protect the materialmen and laborers. It was as much the duty of the board of works, if its acceptance of the work in anyway affected the right of the materialman to recover on the construction bonds, to protect them, as it was to protect the city. The fact that the board did not do so, shows that the provision of said §46, in regard to the bond, was not intended to and did not affect the rights of materialmen to recover for material used in the construction of the work before the same was accepted.

It follows that appellant's liability to appellee did not terminate on the acceptance of the work or the approval of the final assessment roll.

The judgment is therefore affirmed.

NOTE.—Reported in 98 N. E. 706. See, also, under (1) 9 Cyc. 580; (2) 28 Cyc. 1040, 1042; 71 Am. St. 195; (3, 5) 28 Cyc. 1042; (4) 28 Cyc. 1042, 1063; (6) 28 Cyc. 1045.