ANTON J. KAREL, APPELLEE, v. FRANK P. BASTA, APPELLANT.

FILED FEBRUARY 15, 1919. No. 20342.

1. Mechanics' Liens: PROVISION IN SURETY BOND: PAYMENT OF LIENS. A bond given to secure the execution of a building contract contained the direct provision that, "Now if all of said conditions of contract are carried out * * * and the building is secured from all liens arising from the execution of said work, this bond to be null and void." *Held*, that this constitutes an independent agreement as to the payment of liens, and is not affected by a provision in the building contract which requires the owner to procure architect's certificates before making payments to the contractor.

2. ————: PAYMENT OF MATERIALMEN: SUBROGATION. Under the building contract, it was the duty of the contractor to furnish all material, and if there was any evidence of liens for which the owner might become liable, he had the right to retain an amount sufficient to indemnify him, and the contractor was bound to refund to the owner any money he might be compelled to pay in discharging liens. It was therefore the duty of the contractor to pay the

materialmen, and the owner who paid the liens is subrogated to the right of materialmen to recover upon the contractor's bond.

APPEAL from the district court for Colfax county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*N. H. Mapes* and *W. C. Hronek,* for appellant.

*George W. Wertz, contra.*

LETTON, J.

This is an action brought by the owner to recover from a surety upon a contractor's bond on account of the breach of certain conditions of the bond. Judgment was for plaintiff, and defendant appeals.

Rudolph P. Basta, the contractor, agreed to erect a brick building for plaintiff under a written contract. The bond contained the provision, "Now if all of said conditions of contract are carried out * * * and the building is secured from all liens arising from the execution of said work, this bond to be null and void. If otherwise, that any or all the conditions of said contract should not be strictly fulfilled, this bond to remain in full force and effect."

The contract provided that, if there shall be evidence of any liens for which the owner might become liable, "the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify him against such lien or claim. Should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default." It is undisputed that $6,457.50 was paid by Mr. Karel for material and labor that went into the construction of the building.

After the building was completed, judgments were obtained against the owner by laborers and materialmen, aggregating the sum of $3,211.97, and costs. The aggregate of these payments, aside from costs, amounted

Karel v. Basta.

to over $414.41 more than the contract price, which is the amount of plaintiff's judgment.

It is insisted that plaintiff ought not to recover because there is no showing that the money was paid upon architect's certificates as the contract provides. This is true, but at the same time the evidence shows that the surety, Frank P. Basta, was fully advised of these payments, and was present when most of them were made, and that he made no objections. In fact all parties seem to have treated this part of the contract as being of no force or effect.

One of the conditions in the bond itself is that the building be "secured from all liens arising from the execution of said work." This is a direct obligation resting upon the contractor. It constitutes a separate obligation for the benefit of third persons aside from the terms of the building contract, and is not affected by the provision in such a contract that requires the owner to procure architect's certificates before making payments.

Furthermore, the building contract makes it the duty of the contractor to repay the owner all moneys which he may be compelled to pay to discharge liens, but since the owner retained nearly enough money in his hands to pay all liens, the contractor was only bound to repay the excess. The lienholders could have compelled this payment by the surety under the rule laid down in *Doll v. Crume,* 41 Neb. 655, and *Des Moines Bridge & Iron Works v. Marxen & Rokahr,* 87 Neb. 684. The same rule is adopted in Iowa and by other state and federal courts. *Getchell & Martin Lumber & Mfg. Co. v. Peterson & Sampson,* 124 Ia. 599, and cases cited. The owner is entitled to be subrogated to the rights of the materialmen to that extent, and may recover from the contractor and the surety on his bond.

We find no error in the record, and the judgment of the district court is

AFFIRMED.

SEDGWICK and CORNISH, JJ., not sitting.